## AMERICAN GENERAL INS. CO. v. SMITH.

### No. 11181.

Court of Civil Appeals of Texas. San Antonio.

June 17, 1942.

Rehearing Denied July 22, 1942.

Crain, Vandenberge & Stofer and Daniel & Woodhouse, all of Victoria, for appellant.

E. L. Dunlap, of Victoria, and Allen, Helm & Jacobs and Ira J. Allen, all of Houston, for appellee.

MURRAY, Justice.

This suit was brought under the provisions of the Workmen's Compensation statutes, Art. 8306 et seq. Vernon's Ann.Civ. Stats. The alleged injured employee is T. H. Smith; the employer, American-Friedman-Bitulithic Associates, doing construction work at the Victoria Air Base; and American General Insurance Company the insurance carrier.

The trial was to a jury and judgment was entered in T. H. Smith's favor as follows: Accrued and unpaid compensation, the sum of $292.59; total disability, $15.23 per week for 236 weeks; and, thereafter, partial disability, $11.628 per week for an additional 140 weeks.

From this judgment American General Insurance Company has prosecuted this appeal.

Appellant presents six points, but they are all grounded upon the contention that there was not sufficient evidence of probative force to support the jury's finding that T. H. Smith sustained the claimed accidental injuries in the course of his employment.

T. H. Smith claimed that while working on a road construction crew as a grade checker, and while endeavoring to lift an electric light pole out of the path of the scraper, to which task he had been assigned by his foreman, he sprained his back. Smith testified that when he picked up the end of the pole and started to end it around out of the way of the scraper, after he had gone around about twelve feet, he stepped in a kind of little hole and the jar hurt his back. He turned loose of the pole and sat down for about forty minutes and then went on and checked out. The next morning he was unable to return to work. He reported this fact to a Mr. Jones, who sent him to Mr. Jack Cliff, the insurance adjuster. He was then sent to the doctor who taped him up and was required to come back about every three days to be retaped during the next two weeks. He was not getting any better and was then sent to the hospital, where he stayed twenty-six days. In the hospital he was given diathermic treatments, which were administered to the lower part of his back. The appellant Insurance Company during this time expended for medical and hospital expenses the sum of $399.80, and also paid appellee compensation for five weeks. Appellee went back to his rooming house, where he stayed for another six weeks, and where he called in Dr. Heaton Smith and Dr. Roy Lander. He was told by Dr. DeTar at the Victoria Hospital that the doctor had done all that he could do for him. He then went to Houston and lived with a brother. There he consulted Dr. Stucki. He was never free from pain and, up to the time of the trial, had not been able to do any work. He had been a good worker prior to the alleged accident.

The testimony above set out is sufficient to support the jury finding that Smith sustained an accidental injury. The fact that it comes from the injured party alone does not prevent it from having probative force if given credit by the jury. Simmonds v. St. Louis, B. & M. Ry. Co., 123 Tex. 23, 91 S.W.2d 332.

It is true that appellee did not produce another who saw him receive his injury, but there is nothing in the law that requires a disinterested eyewitness to the accident. Appellant placed medical doctors upon the witness stand who gave testimony which was unfavorable to appellee, but in passing upon the sufficiency of evidence to support a jury finding only that evidence which is favorable can be considered, and that which is unfavorable must be disregarded. Texas Employers' Insurance Ass'n v. Little, Tex.Civ.App., 96 S.W.2d 677.

Appellant cites us to the case of Texas Employers' Ins. Ass'n v. Humphrey, Tex. Civ.App., 140 S.W.2d 313, writ refused, wherein it was held that the jury are not required to accept as true the testimony of the interested party, which is of course quite true, but here the jury saw fit to accept as true the testimony of appellee and to base favorable findings upon such testimony.

The judgment is affirmed.