**NATIONAL BANKERS LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**Joe EZERNECK, Appellee.**

No. 12841.

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1955.

---

Richard D. Cullen, Victoria, for appellant.

Putney & Putney, Victoria, for appellee.

NORVELL, Justice.

This is a suit upon an insurance policy providing for hospital and surgical indemnities. Trial was to the court without a jury and judgment rendered for the appellee in the principal sum of $223, plus penalty and attorney's fees. Appellant urges that the judgment is against the overwhelming preponderance of the evidence.

The insurance policy in question was issued on November 2, 1953. In February of 1954 appellee fell upon a sidewalk in Victoria, Texas, striking his hands, elbows and head. On May 4, 1954, he underwent a surgical operation known as a transurethral prostatic resection to correct a condition caused by an adenoma of the prostate gland. The policy provided for surgical benefits, but excepted "any surgical operation re-

sulting from sickness unless the cause of the operation originates after the policy had been in effect for six months or more after the date thereof."

While appellee's petition contained an allegation that he remained in good bodily health until after the policy had been in force for six months, his essential theory was that the prostatic condition necessitating the operation was caused by his fall in February of 1954. In support of this theory, he testified that he had had no trouble with his prostate gland before he suffered the fall, but thereafter suffered pain in the process of urination and upon occasions blood was passed with his urine. He produced no medical testimony to support the hypothesis that a fall could cause the trouble which necessitated an operation.

On the other hand, appellant's medical expert testified that a fall such as described by appellee could not have caused injury to the prostate gland, and that an adenoma of the prostate was the result of disease and would take years to develop to the point where an operation would be necessary.

■■ Lay testimony, as opposed to that of a medical expert, may be sufficient to support findings upon controlling causation issues, Associated Employers Lloyds v. Self, Tex.Civ.App., 192 S.W.2d 902, but such testimony must raise more than a mere conjecture and surmise. In this case, the testimony of appellee was vague and indefinite. After every reasonable intendment is considered, it rather supports a theory of coincidence rather than cause and effect, and is insufficient to support appellee's theory of recovery.

■■ Appellee, as an alternative proposition, asserts he was entitled to recover upon the theory that the operation was due to sickness rather than injury, as this theory was tried by implicit consent of the parties. Rule 67, Texas Rules of Civil Procedure. It is further appellee's contention that the exception (if such it be) relating to sick-

ness originating less than six months after the date of the policy was not pleaded by appellant, as required by Rule 94, T. R. C. P. If it could be said that the issue of an operation resulting from sickness was tried by implied consent, so also was the matter of the exception, if it can be so classified. As above pointed out, appellee pleaded that he remained in good health for six months after the policy was written, that is, until two days before the operation. Here again the evidence overwhelmingly preponderates against appellee's position.

■ As the judgment rendered is necessarily based upon findings which are so against the overwhelming preponderance of the evidence to be clearly wrong, King v. King, 150 Tex. 662, 244 S.W.2d 660, the judgment appealed from is reversed and the cause remanded for a new trial.