**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**H. D. HOOVER, Jr., by N/F, Appellee.**

No. 16363.

Court of Civil Appeals of Texas.

Dallas.

July 10, 1964.

Rehearing Denied Sept. 25, 1964.

Henderson & Bryant, Sherman, for appellant.

Peery & Wilson, Kearby Peery, Wichita Falls, for appellee.

WILLIAMS, Justice.

This appeal is from a judgment in a workmen's compensation case wherein H. D. Hoover, Jr. was awarded total and permanent disability benefits, payable in a lump sum, as a result of an injury admittedly sustained by him in the course of his employment for T. & O. Drilling Company, on June 26, 1962 in Grayson County. Appellant inveighs against this judgment primarily on the proposition that the jury's finding of permanent incapacity is either without support in the evidence or is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong. Finding no merit in appellant's points, we affirm the judgment.

■ This case is another in a series of appeals that have been presented in recent years to this court, as well as other appellate courts of Texas, in which the insurance carrier has seriously sought to strike down a jury finding of permanent disability where the injured workman produced no medical testimony incorporating an opinion relating to permanency of the injury but relies solely upon lay testimony from which the jury may reasonably infer that the injuries will be permanent. On two occasions within the past year we have had occasion to reannounce the rule, which we believe to be now well established in Texas Jurisprudence, that permanent disability may reasonably be inferred from circumstantial evidence produced by lay witnesses and this is true even though such evidence is contradicted by the testimony of medical experts. Travelers Ins. Co. v. Wade, Tex. Civ.App., 373 S.W.2d 881, err. ref. n. r. e., and Travelers Ins. Co. v. Arnold, Tex. Civ.App., 378 S.W.2d 78, no wr. hist. In those cases we had occasion to set forth numerous authorities which we deemed controlling and which we believe to apply to the instant appeal.

Since appellant has advanced "no evidence" and "insufficient evidence" points directed to the special issue relating to permanency of appellee's injuries, we are

required to review this record in the light of the landmark rules pronounced by our Supreme Court in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660. Having done so we have arrived at the conclusion that the facts in the instant appeal are not such as would cause us to deviate from the rule announced in the cases cited above.

A summarization of essential antecedent facts is necessary. Appellee, H. D. Hoover, Jr., a twenty-year-old youth, was employed by T. & O. Drilling Company to work on a drilling rig. On June 26, 1962 he, and other fellow employees, were standing on the drilling rig putting two sections of the rig together. He became overbalanced and fell backward a distance of twelve to fifteen feet, striking the ground on his head and neck. He was carried by ambulance to the hospital at Gainesville where he remained twenty-nine days under the care of Dr. McLeroy. During that time he was also seen by a Dr. Powell and a Dr. Lee. While in the hospital he was placed in traction for two days and then put in a body cast for twenty-four days, such cast extending from his hips to the base of his neck. Following that he was fitted with a back brace, which he continued to wear at time of trial. At the time he was discharged from the hospital he was having trouble with the lower part of his back. The trouble in his neck lasted only about six weeks, and he hasn't had any trouble with that since then. His back and "tail bone" hurt in the lower part of his back, more in the right side. He said: "It hurts not too bad all time, but it hurts some all the time. A right smart of activity seems to make it hurt worse, such as working around the yard or in the garden for a few minutes." In addition to the doctors named he also saw Dr. Pauly in Dallas and a Dr. Cassidy in Oklahoma City. He was also placed in the rehabilitation center in Dallas for a week where he was given a series of exercises. At the time of the trial he was still under the care of and seeing Dr. McLeroy about once a month. Dr. McLeroy gives him a prescription for pills to take for his pain and also to allow him to sleep whenever his back is bothering him a lot. He still wears a back brace, consisting of light steel stays extending from his buttocks to the upper part of his shoulder. He does not wear the brace all of the time but does wear it whenever he has any activity or whenever he drives or rides in the car for any distance. He testified that he had tried to do work in his garden and in the yard and also do some work on his car, but that this work was limited due to pain. He complained that any strenuous movement or activity caused him to have pain in the lower part of his back. He said that he felt like in his present condition that he could not go out and get a job and work as a derrick man, which was the work he was doing at the time he was injured. He still takes various kinds of pills for pain and to allow him to sleep. When asked whether he had shown any improvement he testified: "I think I feel about the same."

Plaintiff's mother testified that she observes a difference in the physical appearance of her son now than it was before he fell off the derrick; that he can't get up like he did, and has difficulty with his right leg. She said that she had observed him practically every day during the year between the time of his injury and the trial of the case and that she does not think that he is much better than he was when he first got out of the hospital.

It is undisputed that appellee was examined, at the request of the appellant insurance carrier, by Doctors McLeroy, Pauly and Lee. He was examined by Dr. Cassidy of Oklahoma City at the request of his own attorney. None of these doctors testified at the trial of the case.

In addition to lay testimony the hospital records relating to appellee's period of hospitalization following the injury were admitted in evidence, by agreement. One x-ray report, contained in these records, states:

"Studies of the cervical and lumbar spine and pelvic AP reveal starting

with the cervical spine an appearance of spondylolisthesis of C1 over C2. The adointoid process of C2 is displaced backwards relatively speaking dangerously near to the aspiratory center in the pons.

"A study of the lumbar spine reveals a transverse fracture of the inferior process of the pars-articularis of L4 on the left, also we note oblique curving fracture running through the first portion of the sacrum on the left."

Another x-ray report states:

"Low Back Series. These studies show no significant departure from the normal alignment and configuration of the bony components of the lumbar and sacral spine. There is highly suggestive evidence of a spondylosis involving the inferior articulating processes of L4 seen in the lateral study, but unequivocal evidence of such an injury is lacking in the AP view of the spine."

■ When we view this evidence, together with the record as a whole, we cannot say, as contended by appellant, that there is no evidence to justify the submission to, or the answer of, the jury, of the issue relating to the permanency of appellee's injuries. Neither can we say that this testimony, when viewed as a whole, is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. As so aptly stated by Chief Justice Dixon of this court in Travelers Ins. Co. v. Wade, supra, "It would serve no useful purpose if we were to say that had we been sitting as a jury in this case we might have made a different answer to Special Issue No. 5 [permanent disability] than that actually made by the jury." Also as Justice Bateman said in Travelers Ins. Co. v. Arnold, supra, the jury had the right to believe all of appellee's testimony and, observing what they could of his physical condition in the court room, to conclude that he was totally disabled and that such incapacity was permanent. Appellant's first four points are overruled.

Appellant's fifth and sixth points complain of the rendition of a judgment for a lump sum because of "no evidence" and "insufficient evidence" to justify such jury finding. Again we have reviewed the testimony on this point in the light of the authority set forth above, and find that the points must be overruled. Without detailing the testimony it is sufficient for us to state that we have found ample evidence to support the jury's finding that manifest hardship and injustice would result unless compensation benefits should be paid to appellee in a lump sum, rather than in weekly payments.

The judgment of the trial court is affirmed.

Affirmed.