**TEXAS RESERVE LIFE INSURANCE COMPANY, and Great American Health & Life Insurance Company, Appellant,**

v.

**R. L. LOTHRINGER, Appellee.**

**No. 4394.**

Court of Civil Appeals of Texas.

Waco.

Sept. 16, 1965.

Michael W. Wagner, San Antonio, for appellant.

Reese D. Wade, Beeville, James E. Coate, Eureka Springs, Ark., for appellee.

WILSON, Justice.

The insured recovered judgment in a non-jury trial against appellant insurer under an accident policy which provided monthly benefits of $100 for loss of time from injury which shall "independently of all other causes totally and continuously disable and prevent the insured from performing each and every duty pertaining to any occupation, and shall require the personal care and regular attendance of a legally qualified physician or surgeon." There are no findings of fact.

The insurer says there is no evidence disability resulted from the injury alleged, a fall on her knee, independently of all other causes. It relies on medical opinion evidence that disability resulted from the fall, "with pre-existing hypertrophic osteoarthritis." Insured testified, "I have never had any trouble in my life up to the time I fell" with the knee. Opinion testimony did not establish the issue as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345, 346; Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943. The evidence made a fact issue for the trial judge.

It is urged there is no evidence insured was totally disabled from performing every occupational duty. She kept books, did office work and sold merchandise before the injury. There was evidence she could not sit at a desk or stand for extended periods, could not get in and out of an automobile, and could not work on an eight-hour shift. Insured testified without objection she was unable to "do the types of occupations" since the accident because of pain, and that her "disability had continued" to the date of trial. The policy provision relied upon is not to be given a literal interpretation, but is to be reasonably construed. Prudential Insurance Company of America v. Tate, 162 Tex. 369, 347 S.W.2d 556, 558; Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301. It does not require that insured be a helpless cripple. Connecticut General Insurance Co. v. Reese, Tex.Civ.App., 348 S.W.2d 549, 550, writ ref. n. r. e. The evidence is factually weak, but in our opinion is legally sufficient.

Recovery is resisted on the ground the injury was not proved to be such as "shall require the personal care and regular attendance" of a physician or surgeon as the policy required. The provision is a condition precedent to recovery on which insured has the burden of proof. United American Insurance Co. v. Selby, 161 Tex. 162, 338 S.W.2d 160, 164, 84 A.L.R.2d 367.

Insured was injured April 2nd. She was hospitalized for three weeks. She continued under regular treatment of a physician until September 14th. She was next seen, treated or attended by a physician or surgeon on December 14th of the following year. The evidence does not show that insured had reached a maximum recovery from the injury with disability for which further care and attention by a physician would be useless. The evidence does not show when personal care and regular attendance ceased, but it is clear it did not continue for the 15-month period for which judgment was rendered. See 1A Apple-

man, Insurance, Sec. 655; 45 C.J.S. Insurance § 899; 84 A.L.R.2d 375. This error requires reversal and remand.

Other points are overruled. Reversed and remanded.