**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jose GALLEGOS, Appellee.**

**No. 14568.**

Court of Civil Appeals of Texas.

San Antonio.

March 22, 1967.

Rehearing Denied May 19, 1967.

Groce, Hebdon, Fahey & Smith, Charles L. Smith, San Antonio, for appellant.

Maverick, Tynan & Gochman, Arthur Gochman, San Antonio, for appellee.

BARROW, Chief Justice.

This is a workmen's compensation case. Appellant, Texas Employers' Insurance Association, appeals from a judgment entered on a jury verdict whereby appellee, Jose Gallegos, recovered maximum benefits for total and permanent incapacity, together with the sum of $1,368.39 for unpaid medical expenses.

On February 23, 1965, appellee was injured when struck in the abdomen and chest by a heavy I-beam he was cutting in the scope of his employment for Alamo Junk Company. He was taken to Dr. O. H. Timmons, the company doctor, where he was X-rayed and treated by diathermy. No ribs were broken, but he had a large bruise just below his left rib cage. The X-rays also showed an ill-defined mass on his lower right lung. He returned to work the following day and worked three days, however, he continued to complain of pain in the area of his stomach and spat up blood once or twice a day. He was hospitalized by Dr. Timmons from March 1 to March 8, 1965, for closer examination and treatment by therapy and antibiotics. After his release from the hospital he continued to see Dr. Timmons occasionally until August 27, 1965. On April 12, 1965, he returned to work, although he testified that he performed only light duties and suffered pain as a result thereof. He worked continuously until September 23, 1965, when he spat up a large amount of blood. He went back to Dr. Timmons who returned him to the hospital, and after further tests his right

lung was removed on September 26 because it was malignant with cancer. The case was tried on May 26, 1966, and appellee testified that he was still unable to do any work.

Appellant judicially admitted that appellee had sustained an injury in the scope of his employment which had resulted in temporary total incapacity until April 12, 1965. It pleaded, however, that any incapacity after that date or, in any event, after September 26, 1965, was solely caused by the cancer which appellee had prior to the injury. Thus there were two ultimate issues in dispute—whether or not appellee was incapacitated after April 12, 1965, and, if so, was the injury of February 23, 1965, the producing cause of same. The usual and customary workmen's compensation issues were submitted to the jury, over appellant's objections, which resulted in Issue No. 5 and Issue No. 14, relating to medical expenses, being the only disputed issues answered by the jury.[1]

Appellant complains, by "no evidence" and "insufficient evidence" points, of the findings of total and permanent incapacity and particularly of any finding after April 12, 1965, or September 24, 1965. It further complains of the refusal of the trial court to submit its requested sole cause issues and of the erroneous submission of the four undisputed issues. It also asserts that there was "no evidence" and "insufficient evidence" of a causal connection between the injury and the medical expenses incurred in removal of the lung.

There was no medical evidence produced by appellee. He asserts that his testimony that he was able to work and play soccer

before the injury and has been unable to do so since the injury makes out a case for him. See Texas Employers Ins. Ass'n v. Hoover, Tex.Civ.App., 382 S.W.2d 174, writ ref'd n. r. e.; Travelers Ins. Co. v. Beisel, Tex.Civ.App., 382 S.W.2d 515, no writ; Cunningham v. Texas Employers Ins. Ass'n, Tex.Civ.App., 363 S.W.2d 880, writ ref'd n. r. e. The rule in this line of cases has no application in cases involving the nature, origin and aggravation of cancer.

In Insurance Co. of North America v. Myers, 411 S.W.2d 710 (1966), the Supreme Court held that whether or not a pre-existing tumor was activated and the deadly effects of a malignancy accelerated by an injury, was a question of science determinable only from the testimony of expert medical professionals. It was further held that causal connection in such a fact situation must rest in reasonable probabilities. The Court expressly noted and distinguished the decisions in workmen's compensation cases in medical situations not involving the highly uncertain medical problems of the nature, origin and aggravation of cancer.

Two doctors were called by appellant and they negated any relationship between the cancer and appellee's injury on February 23, 1965. Dr. Timmons, who had treated appellee from the time of the injury until after the malignant tumor in his lung was removed, testified that the cancer of the lung pre-existed the injury and was not aggravated by it. He further testified that appellee was able to return to his regular duties in April, 1965, and that at the time of the trial appellee's only incapacity was caused by the loss of one lung. Dr. Jones,

1. Verdict of the jury:
1. Gallegos sustained an injury on February 23, 1965, while working for Alamo Junk Company.
2. Such injury caused or contributed to cause incapacity to work.
3. Such incapacity was a total incapacity.
4. Such total incapacity began on February 23, 1965.
5. Such total incapacity is permanent.

6–13. Conditionally submitted on finding of "temporary" and answered.
14. Reasonable and necessary medical expenses incurred by Gallegos up to time of trial as result of his injuries on February 23, 1965, which have not been paid by defendant are $1,368.39. (It was stipulated that all these expenses relate to his hospitalization in September—October, 1965, when the lung was removed.)

a radiologist, testified also that the malignant tumor in appellee's lung existed prior to February 23, 1965, and was not aggravated by the trauma on that date.

■ There is no proper medical evidence in the record to connect the cancer of the lung with the injury of February 23, 1965. We cannot say, however, that the record when examined under the "no evidence" test[2] establishes as a matter of law that all of appellee's incapacity after either April 12, 1965, or September 24, 1965, was solely caused by the cancer of his lung. An employee is entitled to compensation for an injury received in the course of his employment, regardless of the fact that he may have been suffering from a disease which contributed to the incapacity from said injury. Sowell v. Travelers Ins. Co., 374 S.W.2d 412 (Tex.1963); Texas Employers Ins. Ass'n v. Beard, Tex.Civ.App., 390 S.W.2d 59, writ ref'd n. r. e.; Traders & General Ins. Co. v. Belcher, Tex.Civ.App., 152 S.W.2d 525, writ ref'd w. o. m.

■ It is, therefore, our opinion that appellant's requested issues on sole cause should have been determined by the jury. The trial court erred in refusing to submit said issues and this error was such as to require a new trial. Rule 434, Texas Rules of Civil Procedure.

■ In view of a remand of the case, it is unnecessary to determine if reversible error is shown by the submission of only undisputed facts in the first four issues. It suffices to state that the trial court is directed under our rules of procedure to submit only controverted questions of fact as made by the written pleadings and the evidence. Rules 272, 279, T.R.C.P. The submission must be in such manner as to fairly submit the issues made by both parties. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 · (1952).

The judgment of the trial court is reversed and the cause remanded to the trial court for trial on the merits.

2. Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959).