HOUSTON GENERAL INSURANCE
COMPANY, Appellant,

v.

Phillip A. PEGUES, Appellee.

No. 8219.

Court of Civil Appeals of Texas,
Texarkana.

May 21, 1974.

Rehearing Denied June 18, 1974.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellant.

Sidney Lee, New Boston, for appellee.

CORNELIUS, Justice.

This is a workmen's compensation suit. The jury found that appellee was totally and permanently disabled by an injury which occurred on August 9, 1972, while he was working for Four States Nursing Home, Inc. The question to be determined on this appeal is whether the jury verdict may be sustained even though appellant's doctor testified that in his opinion appellee's disability was caused by a malignant bone tumor.

Appellee alleged that while in the scope of his employment with the nursing home he slipped on the floor and injured his lower back, leg and hip. In his testimony appellee stated that he had worked as a maintenance man at the nursing home since 1958; that he had worked every day during that period without missing any time because of sickness or accident; that prior to going to work for the nursing home he had done heavy work such as farming and making and loading crossties; that when he fell in the nursing home one of his legs was up under him and his head hit the floor; that he had to turn over to catch hold of a rod to get up, but when he began to walk off he suffered pain in his legs and his buttocks; that his buttocks hit the floor first when he fell and as soon as he got up he experienced pain in the buttocks and legs; that on the same day his leg and hip began to swell and hurt; that prior to this accident he had never injured his leg or hip and had never been sick, but that since the injury in the nursing home he had been on crutches and his leg and hip, if he put any weight on them, gave him such pain that he was unable to walk without the crutches; and that he had not been able to do any work whatsoever since the injury.

Appellant produced Dr. Harrison, the only medical witness, who agreed that appellee was indeed disabled and was not feigning, but said that he had caused x-rays to be taken of appellee which showed what he felt was a malignant bone tumor of appellee's hip, and that such tumor had apparently existed for some time. He further said that he had examined later x-rays of appellee and that the tumor was also re-

vealed in those x-rays and appeared to have progressed "rather rapidly." He gave his opinion that the bone tumor was the sole cause of appellee's disability and that the fall neither caused nor aggravated the tumor. On cross-examination the doctor conceded that the fall had probably caused appellee to experience pain sooner than he would have experienced it otherwise. He also testified that he did not take a biopsy, stating that in his opinion the malignant or benign nature of a bone tumor such as he felt appellee had could be determined from examination of x-rays alone.

At no time did appellee allege or concede that he had a tumor, nor was there any evidence that he ever had such an ailment, except the testimony of Dr. Harrison who diagnosed such a tumor from the x-rays. An issue asking if appellee's disability was caused solely by a tumor, independent of and not aggravated by the injury, was answered by the jury in the negative.

Appellant contends (1) that no fact issue was made on the question of disability caused by the alleged injury, and (2) that the jury's answer to the "sole cause" issue has no evidence, or insufficient evidence to support it, or is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In support of these contentions appellant argues that, as the only medical testimony in the record is that a malignant bone tumor is the cause of appellee's disability, the jury was bound to accept such testimony because the nature, origin and progression of cancer are subjects on which only expert medical testimony has any probative value.

■ The general rules relating to expert medical testimony are well known. The opinion evidence of expert medical witnesses is but evidentiary, and is never binding on the trier of fact. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948); Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 (1944); American General Ins. Co. v. Smith, 163 S.W.2d 849 (Tex.Civ.App., San Antonio 1942, err. ref'd); Fry v. Dixie Motor Coach Corp., 142 Tex. 589, 180 S.W.2d 135 (1944); Travelers' Ins. Co. v. Culpepper, 82 S.W.2d 1054 (Tex.Civ.App., Beaumont 1935, Dism'd); Metropolitan Life Ins. Co. v. Funderburk, 81 S.W.2d 132 (Tex.Civ.App., Beaumont 1935, Dism'd) Texas Employers' Insurance Ass'n v. Rigsby, 273 S.W.2d 681 (Tex.Civ.App., Beaumont 1954, no writ); Texas Reserve Life Ins. Co. v. Lothringer, 394 S.W.2d 660 (Tex.Civ.App., Waco 1965, no writ); P. T. Whitlock Gas & Oil, Inc. v. Brooks, 396 S.W.2d 922 (Tex.Civ.App., Dallas 1965, no writ); Missouri-Kansas-Texas R. Co. of Texas v. Anderson, 258 S.W.2d 375 (Tex.Civ.App., Waco 1953, Ref'd, N.R.E.); 32 C.J.S. Evidence § 569(1) p. 602. The trier of fact may accept or reject such testimony in whole or in part, and may accept lay testimony over that of medical experts. American General Ins. Co. v. Smith, supra; Tix v. Employers Casualty Co., 368 S.W.2d 105 (Tex.Civ.App., Houston 1963, no writ); Blackmon v. Piggly Wiggly Corp., 485 S.W.2d 381 (Tex.Civ.App., Waco 1972, no writ); Texas Reserve Life Ins. Co. v. Lothringer, supra; Kimmie v. Terminal RR Ass'n of St. Louis, 334 Mo. 596, 66 S.W.2d 561 (1933); Travelers Ins. Co. v. Culpepper, supra; Metropolitan Insurance Co. v. Funderburk, supra; P. T. Whitlock Gas & Oil, Inc. v. Brooks, supra. The opinions of a medical expert are not conclusive even when they stand uncontradicted by other medical evidence. American General Insurance Co. v. Smith, supra; P. T. Whitlock Gas & Oil, Inc. v. Brooks, supra; Tix v. Employers Casualty Co., supra; M.K.T. Ry. Co. v. Anderson, supra; Metropolitan Insurance Co. v. Funderburk, supra. In workmen's compensation cases the issues of injury and disability may be established by testimony of the claimant alone, even though such lay testimony is contradicted by the unanimous opinions of medical experts. Connecticut Indemnity Co. v. Henson, 388 S.W.2d 300 (Tex.Civ. App., Houston 1965, no writ); Fireman's Fund Ins. Co. v. Martinez, 387 S.W.2d 443

(Tex.Civ.App., Austin 1965, Ref'd, N.R.E.); P. T. Whitlock Gas & Oil, Inc. v. Brooks, supra; American General Ins. Co. v. Smith, supra; Lott v. American Surety Co. of New York, 140 S.W.2d 928 (Tex. Civ.App., Galveston 1940, no writ).

■ An exception to these well settled general rules is that, when a subject is one of such scientific or technical nature that the jury or court cannot properly be assumed to have, or to be able to form, opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry, only the testimony of experts skilled in that subject has any probative value. Coxson v. Atlanta Life Ins. Co., supra; Gulf, C. & S. F. Ry. Co. v. Young, 284 S. W. 664 (Tex.Civ.App., Dallas 1926, no writ); Tyler Mirror & Glass Co. v. Simpkins, 407 S.W.2d 807 (Tex.Civ.App., Tyler 1966, Ref'd, N.R.E.); John Hancock Mutual Life Ins. Co. v. Cooper, 386 S.W.2d 208 (Tex.Civ.App., Houston 1965, no writ); The Reliable Life Ins. Co. v. Gray, 464 S.W.2d 412 (Tex.Civ.App., Texarkana 1971, Ref'd, N.R.E.). It has been held that the cause, progression and aggravation of disease, and particularly of cancer, are such subjects. Insurance Co. of North America v. Myers, 411 S.W.2d 710 (Tex.Sup.1966); Texas Employers' Ins. Ass'n v. Gallegos, 415 S.W.2d 708 (Tex. Civ.App., San Antonio 1967, no writ); Parker v. Employers Mutual Liability Ins. Co. of Wisconsin, 440 S.W.2d 43 (Tex.Sup.1969); Scott v. Liberty Mutual Ins. Co., 204 S.W.2d 16 (Tex.Civ.App., Austin 1947, Ref'd, N.R.E.).

■ Since the only medical testimony in the case at bar was that appellee's disability was due to a malignant bone tumor, appellant seeks to bring this case within the above noted exception. However, a careful analysis of the authorities reveals that it is when the claimant *alleges or it is undisputed* that he is suffering from cancer or disease, and he seeks to prove that his injury either *caused or aggravated* such cancer or disease, or when an injury or disability to a specific part of the body is alleged to have caused damage or infirmity to *other, unrelated portions of the body,* that this exception applies. Ins. Co. of North America v. Myers, 411 S.W.2d 710; Parker v. Employers Mutual Liability Ins. Co. of Wisconsin, 440 S.W.2d 43; Texas Employers' Ins. Ass'n v. Gallegos, 415 S. W.2d 708; Travelers Ins. Co. v. Blazier, 228 S.W.2d 217 (Tex.Civ.App., Fort Worth 1950, dism'd); Scott v. Liberty Mutual Ins. Co., 204 S.W.2d 16; National Bankers Life Ins. Co. v. Ezerneck, 278 S.W.2d 892 (Tex.Civ.App., San Antonio 1955, no writ); Brown v. Shannon West Texas Memorial Hospital, 222 S.W.2d 248 (Tex. Civ.App., Austin 1949, Ref'd, N.R.E.); Gulf, C. & S. F. Ry. Co. v. Young, supra; Tyler Mirror & Glass Co. v. Simpkins, supra. The application of the exception to such cases is reasonable and comports with sound logic, because the claimant is basing his right to recover on medical probabilities of cause and effect. But the exception is a narrow one and is not to be applied unless the facts come strictly within it. Preferred Life Ins. Co. v. Dark, 307 S.W. 2d 814 (Tex.Civ.App., Texarkana 1957, Ref'd, N.R.E.). It does not apply to cases where the claimant contends that he has no disease or cancer, but only that he suffered an injury to a specific part of his body which immediately and directly caused a disability of that specific part of the body, and the defendant attempts to defeat the claimant's case by offering testimony that his disability is in fact the result of some other condition, whether disease, cancer, or whatever. Hood v. Texas Indemnity Ins. Co., 209 S.W.2d 345; American General Ins. Co. v. Smith, 163 S.W.2d 849; P. T. Whitlock Gas & Oil, Inc. v. Brooks, 396 S.W.2d 922; Texas Reserve Life Ins. Co. v. Lothringer, 394 S.W.2d 660; Travelers Ins. Co. v. Culpepper, 82 S.W.2d 1054; Metropolitan Ins. Co. v. Funderburk, 81 S. W.2d 132; Missouri-Kansas-Texas R. Co. of Texas v. Anderson, 258 S.W.2d 375; Blackmon v. Piggly Wiggly Corporation, 485 S.W.2d 381; Fry v. Dixie Motor

Coach Corp., 180 S.W.2d 135; Rivas v. U. S. Fidelity Fire Insurance Co., 470 S.W.2d 249 (Tex.Civ.App., Corpus Christi 1971, no writ); Texas Employers' Insurance Ass'n v. Rigsby, 273 S.W.2d 681; Muro v. Houston Fire & Cas. Ins. Co., 329 S.W.2d 326 (Tex.Civ.App., San Antonio, 1959, Ref'd, N.R.E.); International Security Life Ins. Co. v. Sullivan, 465 S.W.2d 186 (Tex.Civ. App. Amarillo 1971, Ref'd N.R.E.); Angelina Casualty Co. v. Spencer, 310 S.W.2d 682 (Tex.Civ.App., Beaumont 1958, Ref'd, N.R.E.). It is that type of case that we have before us. Appellee produced evidence that he was well and able to work before the fall, but that immediately after he injured himself in the fall he was completely unable to work due to pain and swelling in the specific parts of the body which were injured in the fall. Counsel for appellee correctly observes that if such evidence had been the only evidence produced at the trial, there would be no question as to its sufficiency to support the verdict. In considering appellant's points of no evidence and failure to instruct a verdict, that is what this court must do— consider only the evidence favorable to appellee's case and disregard all adverse evidence. Likewise, the jury was authorized if they chose, to disbelieve and reject appellant's medical evidence. A contrary holding would effectively destroy the rule that injury to a specific part of the body and disability resulting therefrom may be proved by lay testimony. A defendant then, simply by having a medical witness testify that in his opinion the disability was caused by disease rather than injury, could automatically defeat a plaintiff's case unless the plaintiff produced contrary medical testimony. We find no support in the authorities and no logical reason justifying such a departure from the prevailing rule.

In judging appellant's point on great weight and preponderance of the evidence, we must consider the entire record. After having carefully done so, we conclude that the jury's answer to the sole cause issue was authorized by the evidence and was not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellee produced evidence that he had never been disabled or sick prior to his injury, but that immediately upon such injury he was disabled in the specific parts of the body which were injured. The jury was authorized to accept this testimony against the opinion of the doctor, a generalist, which opinion was based largely upon examination of x-rays, without confirmation by biopsy or other scientific tests. In judging the accuracy of a medical witness' testimony and the weight to be given it, the jury may consider the type and thoroughness of the examination made by him and the degree of attention given by him to the matter, as well as the witness' skill and experience and his manner and attitude in testifying. 32 C.J.S. Evidence § 569(2) pps. 613–614; Kimmie v. Terminal R.R. Ass'n of St. Louis, supra; Perry v. Wagner, 436 S.W.2d 614 (Tex.Civ.App., Houston 1st 1969, no writ); Flamm v. Ball, 476 S.W.2d 710 (Tex.Civ.App., Amarillo 1972, no writ); Universal Life & Accident Ins. Co. v. Burden, 294 S.W.2d 855 (Tex.Civ.App., Fort Worth 1956, no writ); Reserve Life Ins. Co. v. Kelly, 266 S.W.2d 395 (Tex.Civ.App., San Antonio 1954, Dism'd). If the opinions of the expert do not comport with the jurors' ideas of sound logic, they may act accordingly. Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945); Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968); Muro v. Houston Fire & Casualty Co., supra.

Additionally, appellant's doctor on cross-examination, in answer to hypothetical questions agreed that malignant bone tumors sometimes exist without producing symptoms of any kind, and that if appellee indeed had such a malignant bone tumor which was causing no symptoms before his fall, it was probable that the fall caused the onset of pain sooner than it otherwise would have begun. It was undisputed that pain was the immediate cause of appellee's disability to work. Under these circum-

stances, the jury, if it chose to, was authorized to believe from this medical testimony from the appellant's witness, that the injury appellee received caused him to be disabled by pain which otherwise would not have occurred at that time. Such evidence would support the jury's anwer to the sole cause issue, thus making the disability compensable under our workmen's compensation law.

The judgment of the trial court is affirmed.