STATE HIGHWAY DEPARTMENT OF TEXAS, Appellant,

v.

Earl Loyd MARIS, Appellee.

No. 8330.

Court of Civil Appeals of Texas, Texarkana.

Jan. 20, 1976.

John Hill, Atty. Gen., Harold G. Kennedy, Asst. Atty. Gen., Austin, for appellant.

Joe B. Lovelace, Lovelace & Thompson, Inc., Linden, for appellee.

CORNELIUS, Justice.

The Texas Department of Highways and Public Transportation,[1] a self-insurer under the Workmen's Compensation Act, appeals from a judgment based upon jury findings that Earl Loyd Maris was totally and permanently incapacitated as a result of an injury he received while employed by the department. The points of error contend (1) there was no evidence or insufficient evidence to support the jury finding that the total incapacity was permanent, and (2) the trial court erred in allowing evidence to go before the jury as to the amount and duration of compensation which may be allowed for total and permanent incapacity.

Without attempting to mention all aspects of the testimony, the following is a fair summary of it: Appellee was twenty-five years old on November 28, 1972, when the injury occurred. He had worked for appellant since January of 1968. His job as a rodman required him to carry a 100 foot chain, mark distances, use an axe, drive stakes, cross back ditches and climb hills and fences. He had never had any difficulty performing any of his duties prior to his injury. The injury occurred as he was crossing a highway and was struck by an automobile. He was rendered unconscious, suffered abrasions and contusions, and both his legs were broken with the femurs completely severed. He was hospitalized, where the fractures were reduced by surgery with metal pins being inserted to hold the bones in place. After two weeks in the hospital he returned home to recuperate, and some six months later he returned to work on light duty. Some two and a half months later he returned to the hospital where the metal pins were removed from his legs. After about five more weeks, on October 1, 1973, he returned to work. The trial was held on May 12, 1975. Although Dr. Reed, appellant's witness who performed appellee's surgery, testified that complete healing should be expected in eight to twelve months in an injury such as

that suffered by appellee and in his opinion appellee should have no permanent disability, appellee testified that he could not do his job; he had a limp which caused him to tire easily and he has not been able to overcome it; he walks stiff-legged and has great pain in his thighs, hips and back; he can no longer do the extra outside work he once did; he is nervous and does not sleep well; although he is still working for the highway department he is unable to do most of the work that is required of him and that his fellow employees are merely "carrying him;" and his condition has stabilized and is not getting any better. The testimony of appellee's wife confirmed much of his testimony, and in addition she stated that appellee's limp had gotten progressively worse. Two of appellee's fellow employees testified that he had a bad limp and could not get around or do the work that he once could and that he is not able to perform the usual tasks of a workman. Dr. Roberson, who treated appellee since the surgery, testified that appellee still suffered pain and weakness in his back, hips and thighs; he could not walk long distances without pain and fatigue; there was some atrophy in the leg muscles; he had suffered a change in gait which causes abnormal alignment of the vertebra and resultant back pain; the limp was due to the leg fractures; appellee will have the limp the remainder of his life and it will continue to cause fatigue and back pain; appellee is not the same man that he was; and he would not recommend appellee for employment because he considers that appellee would be a liability to an employer. Dr. Roberson also stated there is a possibility that as a result of healing or some other factor, one of appellee's legs may be shorter than the other, which causes the limp, and he felt that the injury to appellee's legs had extended to and affected other parts of appellee's body.

In opposition to the appellee's evidence appellant produced the testimony of Dr. Reed, Dr. Stern, and two employees of the

1. State Highway Department of Texas at the time of trial.

highway department. Dr. Reed gave his opinion that in time appellee would completely recover and should have no permanent disability. Appellee had suffered an injury to one of his knees in a motorcycle accident prior to the injury in question and Dr. Reed stated it was his opinion that if appellee had a permanent limp it was due to the knee injury rather than to the leg fractures. Dr. Stern, a neurosurgeon, testified he found no neurological abnormality. On cross-examination he agreed that x-rays appeared to show a mild scoliosis (leaning) of the spine which could indicate a limp or a favoring of one leg over the other. The two highway department employees testified that even before his injury appellee had a distinctive or peculiar gait or manner of walking; appellee had received a promotion and several pay raises since he returned to work and was making more money than before the injury; and they were aware of no complaints as to the quality of his work or his ability to perform his duties since the injury. On cross-examination Dr. Roberson agreed that weakness and muscle atrophy were significant contributors to appellee's difficulty, and these would diminish with time and increased activity and exercise.

 It is appellant's contention that the evidence reveals only that appellee is still in the process of healing and that in time he will be completely recovered with no permanent incapacity.

"Total incapacity" as used in our workmen's compensation law does not mean an absolute inability to perform any kind of labor. A person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is regarded as being totally incapacitated or totally disabled. *Texas Employers' Ins. Ass'n v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000 (1944); *Texas Employers' Insurance Association v. Vineyard*, 316 S.W.2d 156 (Tex.Civ.App.Dallas 1958, no writ). It is recognized that the duration and extent of incapacity is at best an estimate which must be made by the jury from all the pertinent facts before it. *Texas Employers' Insurance Association v. Steadman*, 415 S.W.2d 211 (Tex.Civ.App.Amarillo 1967, writ ref'd n. r. e.); *Insurance Company of Texas v. Anderson*, 272 S.W.2d 772 (Tex.Civ.App.Waco 1954, writ ref'd n. r. e.). And that estimate may be based upon circumstantial evidence even though such evidence is from lay witnesses and is contradicted by the testimony of medical experts. *Aetna Casualty & Surety Company v. Brewer*, 411 S.W.2d 629 (Tex.Civ.App. Amarillo 1966, writ ref'd n. r. e.); *Export Insurance Company v. Johnson*, 401 S.W.2d 324 (Tex.Civ.App.Amarillo 1966, writ ref'd n. r. e.); *Texas Employers Insurance Association v. Hoover*, 382 S.W.2d 174 (Tex.Civ. App.Dallas 1964, writ ref'd n. r. e.); *Travelers Insurance Company v. Wade*, 373 S.W.2d 881 (Tex.Civ.App.Dallas 1963, writ ref'd n. r. e.). Where it can reasonably be inferred from the evidence that the claimant's injuries are permanent and that they totally disable him from performing the usual tasks of a workman in such a way as prohibits him from procuring and retaining employment, a verdict of total permanent incapacity will be affirmed. 63 Tex.Jur.2d, Workmen's Compensation, Sec. 461, p. 515. The fact that a claimant works and even earns more money after his injury than before is not conclusive on the issue of his incapacity. It is but an evidentiary fact to be considered by the jury along with the other evidence bearing on the question. 63 Tex.Jur.2d, Workmen's Compensation, Sec. 462, pp. 521, 522. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. It may believe all or part or none of the testimony of any witness and it may reach its conclusion by blending all or portions of the evidence and reasonable inferences to be drawn therefrom. And any doubt we may have as to whether the evidence actually supports the jury finding must be resolved in favor of the injured workman. *Maryland Casualty Company v. Davis*, 464 S.W.2d 433 (Tex.Civ.App.Amarillo 1971, writ ref'd n. r. e.); *Travelers Insurance*

**694**

*Company v. Arnold,* 378 S.W.2d 78 (Tex.Civ. App.Dallas 1964, no writ).

■ Adhering to the principles heretofore noticed, and considering the testimony that appellee was still disabled long after Dr. Reed stated he should have experienced complete recovery, the testimony of Dr. Roberson that appellee would always have a limp with its general consequences, the evidence of possible scoliosis and its attendant difficulty, the testimony of Dr. Roberson that appellee would be a liability to an employer and he would not recommend him for employment, together with the other evidence as to appellee's physical condition and inability to work as before, it can be concluded that appellee was permanently incapacitated to the extent that he could not procure and retain employment. Although reasonable minds certainly could arrive at a different conclusion, we are unable to say that the evidence is insufficient to support the jury's finding, or that such finding is so against the great weight and preponderance of the evidence as to be manifestly wrong. Points of error 1 & 2 are respectfully overruled.

■ In points of error 3 & 4 appellant complains of the presentation of evidence to the jury concerning the amount and duration of compensation payable under the workmen's compensation law. Appellant's answer to an interrogatory was read to the jury wherein it was stated that " . . . the proper compensation rate for any period of total incapacity sustained by the plaintiff . . . is $49.00 per week . . . ". Appellee testified at one point that he had been paid $49.00 per week for 32 weeks and 5 days. We find no indication in the record that the 401 week duration of compensation for total and permanent incapacity was revealed to the jury. Although the practice of advising the jury of the amount or duration of compensation which may be received for an injury has been criticized, there is no showing, and we are unable to find, that the revelation of the amount of compensation here harmed appellant to the extent

that it was calculated to or probably did result in the rendition of an improper verdict. Tex.R.Civ.P. 434. Points of error 3 & 4 are therefore respectfully overruled.

The judgment of the trial court is affirmed.