**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Thomas David THOMPSON, Appellee.**

**No. 17757.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1980.

Rehearing Denied Jan. 2, 1981.

Mills, Shirley, McMicken & Eckel, Stephen R. Lewis, Jr., Galveston, for appellant.

Stephen W. Hanks, Helm, Pletcher, Hogan & Burrow, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

This is an appeal from a judgment awarding worker's compensation benefits to Thomas David Thompson.

Thompson, a painter-sandblaster, was on the job as an employee of Courtney & Company when his sandblasting machine accidently activated, causing the hose-nozzle to strike him in the face, blasting his face and

chest area with sand under 140 pounds of pressure.

Trial was to a jury which found that the sandblasting injury sustained by appellee was the producing cause of total and permanent incapacity. We affirm.

On appeal to this court, appellant assigns eleven points of error which are discussed jointly.

By the first seven points of error appellant complains that the court erred by refusing to grant its motion for instructed verdict, motion for judgment non obstante veredicto and motion to disregard jury's answers to special issues. He asserts that there was no evidence to show that appellee's injury was the producing cause of any total and permanent incapacity. By the remaining four points of error, appellant asserts there is no evidence or insufficient evidence to sustain the jury's findings to special issue 1 and 1b.

The burden was upon appellee to show a causal relationship based on reasonable probabilities between the injury and the claimed incapacity. Appellant argues that there is no evidence of probative force, that in reasonable medical probability, the injury was the producing cause of the disability. It further asserts that the testimony of lay witnesses regarding this injury and incapacity must be disregarded because it conflicts with the medical testimony introduced at trial.

Appellee and his son testified that appellee was in good health and had worked as a painter-sandblaster for approximately twenty-five years. Since the accident in question, appellee had been unable to continue this work due to pain in his lungs and breathing problems. No medical experts testified on behalf of appellee.

Two medical doctors testified on behalf of the appellant. They explained that appellee suffers from a lung disease known as silicosis; that the injury in question, in reasonable medical probability, did not cause appellant's incapacity; and that the injury in all probability did not aggravate or cause the silicosis condition, a chronic degenerative disease.

■ The law is fairly well settled in Texas, that as a general rule, the trier of fact may accept or reject medical testimony in whole or in part, and that the issues of injury and disability may be established by testimony of the claimant and other lay witnesses, notwithstanding the fact that such lay testimony is contradicted by the unanimous opinions of medical experts. *Texas Employers' Insurance Association v. Washington*, 437 S.W.2d 340 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); *International Insurance Company v. Torres*, 576 S.W.2d 862 (Tex.Civ.App.—Amarillo 1978, no writ); *Connecticut Indemnity Company v. Henson*, 388 S.W.2d 300 (Tex.Civ.App.—Houston 1965, no writ); *Fireman's Fund Insurance Company v. Martinez*, 387 S.W.2d 443 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); *Travelers Insurance Company v. Wade*, 373 S.W.2d 881 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); *Texas Employers Insurance Association v. Fletcher*, 356 S.W.2d 359 (Tex.Civ.App.—Texarkana 1962, writ ref'd n. r. e.).

Appellant cites four cases for the legal premise that in certain cases, causation is a question of science determinable only from the testimony of expert medical professionals. *Insurance Company of North America v. Myers*, 411 S.W.2d 710 (Tex.1966); *Combined American Insurance Company v. McCall*, 497 S.W.2d 350 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.); *Dotson v. Royal Indemnity Company*, 427 S.W.2d 150 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Gallegos*, 415 S.W.2d 708 (Tex.Civ.App.—San Antonio 1967, no writ). These cases represent the exception to the general rule, recognized by the court, where the plaintiff's injury is caused or aggravated by brain tumor, arteriosclerosis, cancer or the like. In none of the cited cases had the plaintiff suffered trauma to any portion of the body such as the appellee had sustained in our case.

■ Usually, the testimony of medical experts is considered the only probative evidence where the case deals with the cause,

progression and aggravation of disease, and particularly cancer. *Houston General Insurance Company v. Pegues*, 514 S.W.2d 492 (Tex.Civ.App.—Texarkana 1974, writ ref'd n. r. e.).

In the *Houston General Insurance Company* case, the court discussed the situations in which the exception would apply as opposed to the general rule.

Since the only medical testimony in the case at bar was that appellee's disability was due to a malignant bone tumor, appellant seeks to bring this case within the above noted exception. However, a careful analysis of the authorities reveals that it is when the claimant alleges or it is undisputed that he is suffering from cancer or disease, and he seeks to prove that his injury either caused or aggravated such cancer or disease, or when an injury or disability to a specific part of the body is alleged to have caused damage or infirmity to other, unrelated portions of the body, that this exception applies. *Ins. Co. of North America v. Myers*, 411 S.W.2d 710; *Parker v. Employers Mutual Liability Ins. Co. of Wisconsin*, 440 S.W.2d 43; *Texas Employers' Ins. Ass'n. v. Gallegos*, 415 S.W.2d 708; . . . The application of the exception to such cases is reasonable and comports with sound logic, because the claimant is basing his right to recover on medical probabilities of cause and effect. But the exception is a narrow one and is not to be applied unless the facts come strictly within it. *Preferred Life Ins. Co. v. Dark*, 307 S.W.2d 814 (Tex.Civ. App., Texarkana 1957, Ref'd, N.R.E.). It does not apply to cases where the claimant contends that he has no disease or cancer, but only that he suffered an injury to a specific part of his body which immediately and directly caused a disability of that specific part of the body, and the defendant attempts to defeat the claimant's case by offering testimony that his disability is in fact the result of some other condition, whether disease, cancer, or whatever. . . . (citations omitted).

The facts before us bring this case within the general rule. Appellee does not allege he suffered from any disease which was aggravated by his injury, but only that he was injured on the job and that such injury is the basis of his disability. There is sufficient evidence for the jury to find that appellee was injured and that his injury to his lungs caused his disability.

We think the facts in this case warrant a liberal construction of the Worker's Compensation Act as announced by the *Texas Supreme Court in Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73 (1953); *Bailey v. American General Insurance Co.*, 153 Tex. 430, 279 S.W.2d 315 (1955); and *Insurance Company of North America v. Kneten*, 440 S.W.2d 52 (Tex. 1969). Since this statute is "remedial", any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation should be resolved in favor of such right.

The judgment of the trial court is affirmed.