HOUSTON INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

Marva L. HARRISON, Appellee.

No. 01–86–00878–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1987.

Sarah B. Duncan, Fulbright & Jaworski,
Houston, for appellant.

Jim Hippard, William & Boyd, Houston,
for appellee.

Before LEVY, JACK SMITH and
HOYT, JJ.

LEVY, Justice.

This is an appeal from a judgment
awarding worker's compensation benefits
to Marva L. Harrison, appellee, arising
from a disability caused by an electrical
shock.

Harrison was a school cafeteria worker
for appellant, Houston Independent School
District, ("HISD"), and on April 28, 1983,
was at work preparing gravy in the Whid-
by Elementary School cafeteria. While so
engaged, she reached for some scraps of
meat that were on a metal table on her left.
Harrison was holding a metal pitcher of hot
water in her right hand. When her left
hand touched the metal table bearing the
meat scraps, she received an electrical
shock and dropped the pitcher of water she
held in her right hand. The school nurse
took Harrison to the hospital emergency
room for treatment. Numerous medical
tests were run, and she was diagnosed as
having hypertension, accidental electric

shock, carpal tunnel syndrome in her right hand, and asymetic septal hypertrophy.

We are concerned with the diagnosis of carpal tunnel syndrome, a condition resulting from something squeezing the median nerve in the middle of the wrist. As a result of this condition, appellee was unable to work. Appellee sought to prove at trial that the electrical shock she received at work was the producing cause of injury to her right hand that resulted in the loss of use thereof.

Upon the jury finding that Harrison had suffered an injury to her right hand, the court ordered that Harrison recover against HISD the sum of $10,905.06 for compensation benefits together with 4% interest compounded per annum from the date of judgment until paid, as well as attorney's fees in the amount of 25% of the compensation benefits. The court further ordered the sum of $924.90 be paid to Harrison by HISD for past medical services provided.

▇ In its first point of error, HISD contends that the trial court erred in failing to instruct the jury as to the difference between medical "possibility" and medical "probability," and that they were to consider only testimony based on reasonable medical probability. This error was compounded because, during their deliberations, the jury requested "any testimony related to the *possible* causes of carpal tunnel syndrome and a definition of 'syndrome'." (Emphasis added.)

HISD properly objected pursuant to Tex.R.Civ.P. 272, prior to the submission of the charge, but failed to preserve error because it did not tender "a substantially correct definition or explanatory instruction...." Tex.R.Civ.P. 279. A request for an instruction, definition, or explanatory instruction must be made separate and apart from such party's objection to the charge. Tex.R.Civ.P. 273; *see also Szmalec v. Madro*, 650 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Point of error one is overruled.

In its second and third points of error, HISD contends that the trial court erred in rendering judgment for Harrison and in overruling HISD's motion for new trial because there was legally and factually insufficient evidence to support the jury's responses to special issues one and two.

Special issue one inquired:

Do you find from a preponderance of the evidence that plaintiff [Harrison] received an injury to her right hand on or about April 28, 1983?

ANSWER: We do.

Special issue two inquired:

Do you find from a preponderance of the evidence that such injury was a producing cause of any total loss of use of plaintiff's right hand?

ANSWER: We do.

In determining "no evidence" or legal insufficiency points, we are required to consider only the evidence and inferences that tend to support the finding, and we disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

In reviewing all questions of "factual insufficiency," we must consider and weigh all the evidence, both in support of and contrary to the challenged finding. The finding must be upheld unless we find that the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661; *Ritchey v. Crawford*, 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Sheridan & Son Co. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1987, no writ).

▇ Generally, the issues of injury and disability in a worker's compensation case may be established by testimony of the claimant and by other lay witnesses. *Texas Employers Ins. Ass'n v. Thompson*, 610 S.W.2d 208, 209 (Tex.App.—Houston [1st

Dist.] 1980, writ ref'd n.r.e.). This rule applies even where such lay testimony is contradicted by the unanimous opinions of medical experts. *Id.* An exception to the general rule exists where the subject is scientific or technical in nature such that jurors cannot form opinions based on the evidence as a whole and aided by their own experience and knowledge. *Houston Gen. Ins. Co. v. Pegues,* 514 S.W.2d 492, 495 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.). This exception applies when an injury or disability to a specific part of the body is alleged to have caused damage or infirmity to other unrelated portions of the body. *Id.*

HISD urges that Harrison's testimony is legally and factually insufficient to support the jury's answers to special issues because expert testimony is required to establish a causal connection between the shock to the left hand and the resulting injury to the right hand, and the testimony of the experts in this case did not establish that connection.

■ The exception requiring expert testimony described in *Pegues* is a narrow one and is not to be applied unless the facts come *strictly* within it. *Texas Employers Ins. Ass'n v. Thompson,* 610 S.W.2d at 210; *Preferred Life Ins. Co. v. Dark,* 307 S.W.2d 814 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.) (emphasis added). This exception applies only when an "injury or disability to a specific part of the body is alleged to have caused damage or infirmity to other, unrelated portions of the body." *Pegues,* 514 S.W.2d at 495.

The facts of this case do not fall squarely within the exception set forth in *Pegues.* Harrison is not alleging that an injury to her left hand caused damage to her right hand. Although the electrical current entered her body through her left hand, her left hand did not sustain any injury, and she does not allege that it was injured. As evidenced by the emergency room records and by Harrison's testimony, the electrical current passed through her body causing immediate and severe pain in the right side of her chest and right arm.

HISD emphasizes Dr. Cecil Christensen's testimony wherein he stated that the likelihood of the injury to the right hand being produced by the electrical shock was not within the realm of medical "probability," only "possibility." However, the direct evidence revealed that Harrison sustained an electrical shock during her employment. The jury was told of the prompt onset of the symptoms, with Harrison complaining of pain and numbness in her chest and right arm until she was taken to the emergency room.

Dr. Maher Nassar diagnosed the injury as carpal tunnel syndrome. Nassar's medical report states, "It is unlikely to be the result of electric shock, however, edema sometimes associated with electric shock may produce the same findings." Dr. Christensen, who examined and operated on Harrison approximately one year after the incident, testified that trauma was a cause of carpal tunnel syndrome, and that if Harrison's right hand was grounded, the electric shock could have caused an injury in that hand.

Harrison testified that she had performed physical labor for many years and had never suffered from any impaired use of her right hand prior to receiving the electrical shock on April 28, 1983. This testimony was corroborated by a co-worker. Harrison further testified that she received an electrical shock to her left hand and felt the current flow through her body to her right hand, in which she held a metal pitcher of water. She explained the occurrence in detail, also explaining the pain and physical sensations that she experienced at the time of the initial shock and for some time thereafter. After the electrical shock, Harrison claimed that she was unable to use her hand.

Medical records from Park Plaza Hospital were introduced showing that Harrison was admitted on April 28, 1983, after having sustained an electrical shock. The records reveal Harrison's complaints of pain in her upper right extremities.

Given these facts, expert testimony was not required to decide the probabilities, especially following a prompt onset of the

injury after the electrical shock and because there was no evidence of a previous history of problems with her right hand. Moreover, the occurrence and results of an electrical shock are not so abstruse, scientific, or technical in nature that the jurors could not form their own opinions based on their own personal knowledge and experience. *Compare Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex.1984) (evidence established a sequence of events from which trier of fact could properly infer, without the aid of expert medical testimony, that release of chemical fumes from typesetting machine caused plaintiff to suffer injury); *Insurance Co. of N. Am. v. Kneten*, 440 S.W.2d 52 (Tex.1969) (although doctor failed to say that causal connection between electrical shock and subsequent heart attack was "reasonably probable," recovery was allowed because of prompt onset of attack following an occurrence capable of affecting a defective heart); *Texas Employers Ins. Assoc. v. Thompson*, 610 S.W.2d at 208 (where claimant was in good health, worked as sandblaster/painter for 25 years, and developed siliosis, lay testimony was sufficient to establish disability although the employer's doctors testified that injury in all probability did not aggravate or cause the silicosis condition); *Transport Ins. Co. v. Campbell*, 582 S.W.2d 173 (Tex.Civ.App. —Houston [1st Dist.] 1979, writ ref'd n.r.e.) (op. on reh'g) (where claimant had no prior health difficulties and blow to head caused headache that persisted until onset of hemiplegia, circumstances were such as to lead to reasonable conclusion that job-related incident precipitated stroke).

Accordingly, after giving probative value to Harrison's lay testimony, we find the jury's answers to special issues one and two were supported by legally and factually sufficient evidence.

Points of error two and three are overruled.

The judgment of the trial court is affirmed.