Clarence MORRISON

v.

Barry FOX, individually and as a detective in the Police Department of the City of Pittsburgh, et al.

Appeal of Sanford M. ADERSON and Mark S. Frank, Attorneys for Clarence Morrison.

No. 81–1388.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Sept. 18, 1981.

Decided Oct. 2, 1981.

Rehearing and Rehearing In Banc Denied Oct. 29, 1981.

William L. Steiner, Aderson, Frank & Steiner, Pittsburgh, Pa., 'for appellants.

Robert B. Smith, Asst. City Sol., Mead J. Mulvihill, Jr., City Sol., A. Bryan Campbell, Mansmann, Beggy & Campbell, Pittsburgh, Pa., for appellee City of Pittsburgh.

Before GIBBONS and HUNTER, Circuit Judges, and STERN,* District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Clarence Morrison brought suit against the City of Pittsburgh and several of its police officers pursuant to 42 U.S.C. § 1983 for a false arrest growing out of a child custody dispute between a police officer and his former wife. The police officers were named both individually and in their official capacities. In a non-jury trial the district court found in favor of the plaintiff, awarding damages against six officers jointly and severally. The court, applying the standards of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), held that the city was not liable because the actions of the individual police officers, although taken under color of their state office, were not shown to have been an implementation of any policy statement, ordinance, regulation, or decision officially adopted by the municipality's officers. Morrison made application for an award of attorneys fees under 42 U.S.C. § 1988. The district court made such an award. The court ordered that the individual officers be liable jointly and severally for its payment, but made no fee award against the City of Pittsburgh.

In this appeal Morrison contends that the court erred in failing to award counsel fees against the city. He seeks to have the fee order modified to make the city liable, and to recover an additional award of counsel fees for pursuing this appeal. Morrison contends that the decision in *Monell v. Department of Social Services, supra,* reject-

* Hon. Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by designation.

ing a construction of 42 U.S.C. § 1983 which would impose liability for money damages upon a municipality on a respondeat superior basis for the unapproved torts of its employees, is not dispositive of the proper construction of 42 U.S.C. § 1988, a separate statute, enacted at another time. He urges that Section 1988, as construed in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), and in *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470 (3d Cir. 1978), requires a fee award against the city in the circumstances of this case.

We agree with Morrison that the *Monell* interpretation of Section 1983 is not dispositive of the question when attorneys fees should be awarded against a municipal corporation. That case dealt only with liability for money damages for torts committed by municipal employees in violation of Section 1983. The inquiry here is the meaning of Section 1988, which provides that

> [i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow *the prevailing party* . . . a reasonable attorney's fee as part of the costs.

(Emphasis supplied). The operative words are those italicized. Before Morrison can obtain costs he must, against the city, be the prevailing party. In a case such as this, in which he sought only money damages, and in which he failed to satisfy the court that his case satisfied the standards of *Monell v. Department of Social Services, supra*, he does not qualify as the prevailing party with respect to the only claim which was before the court. In a case in which the court, relying on *Monell*, refuses to grant money damages against a municipality, but gives declaratory, injunctive, or other relief, a different question would be presented, of which *Monell* would not be dispositive. But that case is not before us. Since Morrison is not, against the City of Pittsburgh, the prevailing party on the only claim for relief which was made against it, 42 U.S.C. § 1988 provides no basis for an attorney's fee award in this case. That conclusion disposes of the question whether a fee should be awarded for the prosecution of this appeal.

The judgment appealed from will be affirmed.