The CITY OF FORT GATES, et al., Appellants,

v.

Jana Kathleen CATHEY, et vir., Appellees.

No. 10–83–068–CV.

Court of Appeals of Texas, Waco.

Jan. 26, 1984.

Rehearing Denied Feb. 29, 1984.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant City of Fort Gates from judgment against it and in favor of plaintiffs Mr. and Mrs. Cathey for $17,713.00 attorneys' fees in a civil rights and gross negligence case, in which the jury found no civil rights violation and no damages, but did find defendant guilty of gross negligence.

Plaintiff Jana Kathleen Cathey and husband Gary Cathey sued defendants City of Fort Gates and City of Fort Gates police officer Joe Solomon alleging: On May 17, 1979, at 9:30 p.m. Mrs. Cathey was returning in her car to her home in Fort Gates with her 2 children, ages 9 and 6; after she turned into her drive a Fort Gates police car turned in and stopped; the driver identified himself as officer Solomon; asked for her license, told her she had "spun gravel" and had a "loud muffler", and told her to get in the police car with him as he was going to give her a citation; she refused to go to his car, and he shoved her into the car, handcuffed her and told her she was in custody for resisting arrest; drove her to the Fort Gates police station and kept her there handcuffed for 1½ hours; Gary Cathey returned home and learned his wife was at the police station, went there, demanded the handcuffs be taken off his wife, was placed under arrest for assaulting an officer; was handcuffed and taken to the Coryell County jail.

Plaintiffs alleged officer Solomon violated both Mr. and Mrs. Cathey's civil rights under Federal law by using excessive force against them, and by arresting them without probable cause; and further alleged the City grossly negligent in its hiring, supervising and training of its police officers, which was a proximate cause of their injuries. Plaintiffs sought $75,000 each actual damages and $50,000 each punitive damages against defendants Solomon and the City; plus $30,000 attorneys' fees incurred in the criminal case; and $25,000 attorneys' fees incurred in this case.

Don Busby, Busby & Wilson, Temple, for appellants.

Byron L. McClellan, Jr., Copperas Cove, for appellees.

During trial defendant Solomon settled plaintiffs' case against him for $7,500; and trial as to defendant City proceeded to a jury, pertinent findings of which are summarized as follows:

(1) The City Council failed to adopt a policy or regulation governing operation of the police department;

(2) Such failure was not gross negligence;

(5) The City Council was not grossly negligent in allowing the continued employment of Joe Solomon as a member of the police department.

(8) The City Council did not fail to exercise proper control and supervision of Joe Solomon;

(12) The City Council did not fail to properly instruct and train Joe Solomon;

(16) The City Council delegated all authority for hiring, training and supervising police officers to Chief of Police Bernie McKiernan;

(17) Bernie McKiernan was grossly negligent in hiring Joe Solomon as a member of the police department.

(18) Such gross negligence was a proximate cause of injury to Jana Kathleen Cathey;

(19) Such gross negligence was not a proximate cause of injury to Gary Cathey;

(20) Bernie McKiernan was grossly negligent in allowing the continued employment of Solomon as a policeman;

(21) Such gross negligence was a proximate cause of injury to Jana Kathleen Cathey;

(22) Such gross negligence was not a proximate cause of injury to Gary Cathey;

(23) Bernie McKiernan did not fail to exercise proper control and supervision of Solomon;

(26) Bernie McKiernan did not fail to properly instruct and train Solomon;

(31) Solomon's arrest of Jana Kathleen Cathey was not made without probable cause;

(33) The force applied by Solomon in arresting and imprisoning Jana Kathleen Cathey was not unreasonable;

(35) The force applied by Solomon in arresting Gary Cathey was not unreasonable;

(37) The damage issue was answered:

A.  Mental Anguish
    Gary Cathey             $ 0.

    Jana Kathleen Cathey  $ 0.

B.  Attorneys' fees in the criminal action against Gary Cathey         $ 0.

(38) "What sum of money * * * do you find * * * would fairly and reasonably compensate Jana Kathleen Cathey and Gary Cathey for their reasonable and necessary attorneys' fees incurred in the prosecution of this case?

Answer: $17,713"

The trial court rendered judgment reciting Findings *16, 17, 18, 20* and *21;* found that in view of such Issues "the plaintiffs are the prevailing party in the cause"; "that the gross negligence as found by the jury in the hiring, employing, training and supervising of officer Solomon is actionable under 42 USCA 1983", and "therefore that plaintiffs are entitled to recover in the amount of $17,713 as found by the jury in Special Issue No. 38"; and decreed plaintiffs recover from defendant $17,713.

Defendant City appeals on 3 points:

Point 1 asserts the trial court erred in awarding attorneys' fees to plaintiffs.

Appellant asserts the following cases preclude the award of attorneys' fees: *McLaughlin v. LaGrange* (11th Cir., 1981), 662 F.2d 1385, cert. denied, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856; *Morrison v. Fox* (3d Cir., 1981), 660 F.2d 87; *Wise v. Bravo* (10th Cir., 1981), 666 F.2d 1328; *Harris v. Roseburg* (9th Cir., 1981), 664 F.2d 1121; *Turpin v. Mailet* (2d Cir., 1980), 619 F.2d 196, cert. denied 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475. *McLaughlin,* supra, is inapposite because plaintiffs there prevailed on none of their causes of action unlike our appellees. *Morrison,* supra, is distinguishable because its plaintiffs

did not prevail against the city on its single cause. The remaining cases do not treat attorneys' fees.

42 U.S.C.A. Sec. 1988 provides: "In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of this title * * * the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs".

■ A party cannot be considered the "prevailing party" for the purposes of the above act unless the party prevails on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 66 L.Ed.2d 670.

■ And though no money damages are recovered, where a party succeeds in establishing a constitutional violation, they are the prevailing party, and are entitled to attorneys' fees. *Williams v. Thomas*, N.D.Tex., 511 F.Supp. 535.

■ And though a plaintiff brings a Section 1983 action and in the same action pleads a violation of State law, the plaintiff is entitled to attorneys' fees even though he prevails *only* on the State law claim. *Seals v. Quarterly County Court* (6th Cir., 1977), 562 F.2d 390; *Gagne v. Maher* (2nd Cir., 1979), 594 F.2d 336, aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653; *Williams v. Thomas* (5th Cir., 1982), 692 F.2d 1032.

■ In this case the jury's findings in Issues 16, 17, 18, 20 and 21 establish Mrs. Cathey a prevailing party as to the City. Thus under the authorities cited, attorneys' fees may be awarded to her. No claim was established as to Gary Cathey, and no award of attorneys' fees may properly be made as to him. Point 1 is overruled as to the award of attorneys' fees to Mrs. Cathey, and is sustained as to any award of attorneys' fees to Mr. Cathey.

■ Point 2 asserts the trial court erred in awarding attorneys' fees in the amount of $17,713. Such award of $17,713 attorneys' fees was made to "plaintiffs" which are Jana Kathleen Cathey and Gary Cathey. As noted no award could properly be made to Gary Cathey. Moreover, the record reflects some $7,750 was billed plaintiffs by their counsel for work in Gary Cathey's criminal trial; and $10,568.41 for attorneys' fees in this case. And while the record is not clear it appears that the fees charged plaintiffs included investigator fees and out of pocket expenses. The record is wholly lacking in proof of what reasonable and necessary attorneys' fees might be.

Point 2 is sustained.

Point 3 asserts the trial court erred in overruling defendant's motion for a change of venue.

The City filed a motion for change of venue asserting "so great a prejudice against it that it cannot obtain a fair trial". Such motion was supported by affidavits of 6 citizens to such effect. Plaintiffs filed a controverting plea asserting "the facts as alleged in defendant's affidavit are in dispute and the defendant can get a fair trial in Coryell County". Such controverting plea was supported by affidavits of 5 citizens that "the City of Fort Gates can receive a fair and impartial trial in Coryell County".

■ Rule 258 TRCP provides "where * * application for a change of venue is duly made, it shall be granted, unless * * * the truth of the facts set out in the application are attacked by the affidavit of a credible person; when thus attacked, the issue thus formed shall be tried by the judge, and the application either granted or refused." The City has not brought forward any statement of facts on the hearing on the motion and has thus shown no abuse of discretion of the part of the trial court. *Englander v. Kennedy*, Tex., 428 S.W.2d 806; *Ehrhardt v. Ehrhardt* (Waco, Tex. Civ.App.) Er.Ref., 368 S.W.2d 37.

Point 3 is overruled.

Sustaining of point 2 and sustaining of point 1 as to plaintiff Gary Cathey requires a reversal of the judgment; rendition of judgment that Gary Cathey taking nothing; remanding of the case as to Jana Kathleen

Cathey for hearing by the trial court on the amount of reasonable attorneys' fees which should be awarded to her as costs.

REVERSED & RENDERED IN PART.