**Brenda D. DAVIS, Appellant,**

v.

**EMPLOYERS INSURANCE OF WAU-SAU, a Mutual Company, Appellee.**

**No. A14–84–378CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.
Rehearing Denied May 2, 1985.

Blair A. Bisbey, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for appellant.

Michael Phillips and Charles Seymore, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Brenda Davis initiated two workers' compensation suits, one for a 1978 back injury and one for an occupational disease. These suits were consolidated below for the purposes of discovery and trial only. In the suit for the 1978 back injury, the jury found that Ms. Davis had suffered temporary total and temporary partial disability for which she was due compensation. The 1978 injury case is not before us on appeal. In the second cause of action, the jury found that Ms. Davis also suffered from an occupational disease that resulted in temporary total and partial permanent disability. However, the trial court in this second case disregarded the jury's findings, entered a judgment non obstante veredicto in favor of appellee, Employers' Insurance of Wausau, and ordered that Ms. Davis take nothing for her claim of occupational disease. Ms. Davis appeals the judgment n.o.v. and presents three points of error. The appellee insurance carrier also presents one cross-point. We sustain Ms. Davis's three points of error and overrule appellee's cross-point. Thus, we reverse the judgment n.o.v. and remand the case to the trial court with instructions to enter a judgment consistent with the jury's findings in Special Issues 3, 4, 5, and 6.

Brenda Davis works as a flight attendant for Delta Airlines. She originally injured her back on the job in 1975, but this injury was not compensable under the Texas Workers' Compensation Act, TEX.REV. CIV.STAT.ANN. arts. 8306–8309 (Vernon 1967 and Supp.1985). She again injured her back on the job in 1978 when she attempted to catch a falling passenger. Ms. Davis missed work occasionally following this 1978 injury, including a nine-day hospitalization in 1980 and a three-month absence in 1981. In July of 1982, Ms. Davis required surgery to correct two herniated discs and a pinched nerve in her back. She returned to work in late December, 1982. Ms. Davis contends that between 1978 and 1982, she developed an occupational disease caused by the repetitious physical traumatic activities required by her job. During trial, she testified that she continues to experience back pain, cannot perform all the duties of a flight attendant, and must rely on the assistance of her co-workers to perform some of the more strenuous tasks for her.

In 1971 the Texas Legislature amended the provision of the Workers' Compensation Act that lists an "occupational disease" as a type of compensable

injury. TEX.REV.CIV.STAT.ANN. art. 8306, § 20 (Vernon Supp.1985). *See generally* 9 Hous.L.Rev. 597 (1972). This provision reflects the legislature's recognition that this type of injury develops gradually; its specific cause and the exact time of incidence may not always be clear. *Aetna Casualty and Surety Co. v. Shreve*, 551 S.W.2d 79, 81 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). The provision defines "occupational disease" in part as "damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment...." *See generally Standard Fire Insurance Co. v. Ratcliff*, 537 S.W.2d 355 (Tex.Civ.App.—Waco 1976, no writ); *Employers Commercial Union Insurance Co. v. Schmidt*, 509 S.W.2d 398 (Tex.Civ.App.—Eastland), writ ref'd n.r.e., 516 S.W.2d 117 (Tex.1974). To recover for an occupational disease of this type, one must not only prove that repetitious physical traumatic activities occurred on the job, but also prove that a causal link existed between these activities on the job and one's incapacity; that is, the disease must be inherent in that type of employment as compared with employment generally. *Home Insurance Co. v. Davis*, 642 S.W.2d 268, 269 (Tex.App.—Texarkana 1982, no writ).

In her first and second points of error, Ms. Davis alleges that the trial court erred in disregarding the jury findings as to occupational disease. Rule 301 of the Texas Rules of Civil Procedure contains guidelines as to when a trial judge may disregard jury findings and enter a judgment n.o.v.:

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has *no support in the evidence*.... (Emphasis added.)

Ms. Davis contends that the record supports the jury's findings that (1) she sustained harm to the physical structure of her body as the result of repetitious physical traumatic activities on her job and (2) such activities were a producing cause of her incapacity. Thus, Ms. Davis argues on appeal that the trial court abused its discretion in disregarding Special Issues 3, 4, 5, and 6. Her argument presents a "no evidence" point for review. *Harper Building Systems v. Upjohn Co.*, 564 S.W.2d 123, 125 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). In reviewing this "no evidence" point, we must consider only the evidence and inferences in support of the findings while disregarding all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

We find that the record contains at least *some* evidence that Ms. Davis was harmed by repetitious physical traumatic activities on her job and that these activities were a producing cause of her incapacity. Ms. Davis testified that she experienced minor difficulty with back pain when she returned to work following the 1978 injury; she also indicated that she was still able to function as a flight attendant although at a somewhat slower pace than before. By 1981, however, she experienced a significantly reduced capacity in performing her work such that she needed extra assistance from co-workers in completing her usual duties. As she continued to work, her back problems progressively worsened until she required surgery in 1982.

Both Ms. Davis and another flight attendant, Janet Allen, testified as to the repetitious physical traumatic activities inherent in a flight attendant's job: handling heavy carts and trash containers, twisting into awkward positions by handing meal trays across three passengers to the window seat with knees locked against the aisle seat in a bracing position, and bending and reaching while trying to maintain bal-

ance in turbulent air. Ms. Davis's orthopedic surgeon and treating physician, Dr. G.R. Kaestner, testified that these repetitious activities on the job were reasonably likely to cause Ms. Davis pain. He also indicated that while the 1978 back injury was a producing cause of her incapacity, the repetitive physical traumatic activities were *also a producing cause* of her worsening condition until surgery was required in 1982. In light of this evidence, we find that the trial court abused its discretion in disregarding the jury's findings and should not have granted the judgment n.o.v. Although the court may have disagreed with the jury's conclusions and may have come to the opposite conclusion had it been the trier of fact, the court could not legally disregard the jury's findings because the record contained at least *some* evidence to support them. *See also Lubbock Independent School District v. Bradley*, 579 S.W.2d 78, 80 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). We sustain points of error one and two.

Appellee's cross-point complains that Ms. Davis's Special Issue No. 3 inquiring into the presence of an occupational disease was not submitted to the jury in substantially correct form. Appellee argues that the special issue did not present an ultimate fact issue upon which judgment could be rendered, only partially inquired into an ultimate fact issue, and drastically reduced Ms. Davis's burden of proof on the issue of *occupational disease*. Ms. Davis's third point of error alleges that the definitions and special issues on occupational disease were correctly submitted; thus, the trial court erred in disregarding them. The court submitted Special Issue No. 3 as follows:

> Do you find from a preponderance of the evidence that Brenda D. Davis sustained damage or harm to the physical structure of her body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of her employment for Delta Airlines?

The court also submitted the following definitions to the jury:

> "Injury" means damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm. "Injury" also means and includes "Occupational Diseases" [meaning] any disease arising out of and in the course of employment which causes damage or harm to the physical structure of the body and such other diseases or infections as naturally result therefrom. An "Occupational Disease" shall also include damage or harm to the physical structure of the body occurring as a result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where such diseases follow as an incident to an "Occupational Disease" or "Injury" as defined.

■ Appellee claims that Special Issue No. 3 did not include the words "occupational disease" and furthermore only included part of the definition of occupational disease, thus drastically reducing Ms. Davis's burden of proof. We disagree. We find that the wording of Special Issue No. 3 specifically tracks the language of the Workers' Compensation Act in defining "occupational disease." Art. 8306, § 20, *supra*. Furthermore, the separate definitions of "injury" and "occupational disease" submitted to the jury were sufficiently detailed such that the combination of these definitions with Special Issue No. 3 allowed the jury to decide the questions before them without undue confusion. The definitions and the special issue presented an ultimate fact issue to the jury and did not significantly lessen Ms. Davis's burden of proof. We sustain Ms. Davis's third

point of error and overrule appellee's cross-point.

We issue this opinion with one caveat. Our decision applies narrowly to the facts presented by this case. Each claim for an occupational disease must be judged on a case-by-case basis. The jury in the instant case, as the sole judge of the weight and credibility of the evidence, evaluated the testimony and answered the correctly submitted special issues in favor of Ms. Davis. Because there was at least *some* evidence in the record to support the jury's findings, we cannot sustain the judgment n.o.v. This result does not mean that we are inclined to expand the definition of "occupational disease" beyond the original intent of the legislature.

We reverse the judgment and remand the case to the trial court with instructions to enter a judgment consistent with the jury's findings in Special Issues No. 3, 4, 5, and 6.