Christopher CADENGO, Appellant,

v.

COMPASS INSURANCE
COMPANY, Appellee.

No. 13–86–027–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 30, 1986.

Virgil W. Yanta, Hartman, Lapham, Yanta & Moyik, Victoria, for appellant.

Juergen Koetter, Kevin D. Cullen, Cullen, Carsner & Seerden, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a take-nothing judgment in a worker's compensation case. Appellant brought suit seeking additional benefits for an injury he sustained to his back while working for Skytop Rig Company in Victoria, Texas. The jury found that a claim for compensation was sent to the Industrial Accident Board (I.A.B.) on appellant's behalf within the required six months after the injury. The trial court, however, granted appellee's motion to disregard this finding and rendered judgment that appellant take nothing. We reverse the trial court's judgment.

▨ In his first point of error, appellant argues that the trial court erred in granting the motion to disregard the special issue because evidence existed to support the jury's finding. In determining whether there was any evidence to support a jury finding, we view the evidence in the light most favorable to the finding, considering only the evidence and inferences which support the finding and rejecting all that is contrary. *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496, 497 (Tex.1978); *Duren v. U.S. Fire Insurance Co.*, 579 S.W.2d 32, 35 (Tex.Civ.App.—Tyler 1979, no writ). Where the jury's answer to a special issue has support in the evidence, the trial court is not at liberty to disregard the jury's finding, as TEX.R.CIV.P. 301 provides. *Texas Paper Stock Co. v. Corpus Christi Food City, Inc.*, 609 S.W.2d 259, 261 (Tex. Civ.App.—Corpus Christi 1980, no writ).

Appellant sustained an injury on March 30, 1979. He went to see his long-time private physician, Dr. Cheshire, the same day he was injured. Dr. Cheshire did not work for appellee insurance company. Dr. Cheshire filled out a form entitled "Surgeon's Final Report and Bill," dated June 16, 1979, and signed it. The form reflected appellant's name as the "injured employee," the date of the injury, the name of the employer ("Skytop") and its location, the diagnosis (back strain), and a list of services rendered by the doctor.

This report was introduced as Plaintiff's Exhibit Two (PX2), which was stipulated to be a "page from the certified copy of the Industrial Accident Board official file." At the bottom of the page is a stamp mark reading "Board's Copy Poor Quality." Two-thirds of the way down on the right-hand side of the page appears another stamp mark. It is barely legible, but appears to state: "Received/JUL 16 '79/Industrial Accident Board/AUSTIN." It was undisputed that PX2 was received by the Board within six months after the injury.

The record shows that Dr. Cheshire did not specifically tell appellant that he was going to send reports to the insurance company, but, if he did, it was on appellant's behalf. Appellant argues here, and the trial record bears out, that it can be reasonably inferred that Dr. Cheshire mailed the copy of his report to the I.A.B. and that it was received within six months following

the claimant's injury. He argues here that Dr. Cheshire was his agent for this purpose.

The question now before us is whether appellant's doctor's report, which was received by the I.A.B. within the required time frame, was sufficient to satisfy the statutory requirement under TEX.REV. CIV.STAT.ANN. art. 8307, § 4a (Vernon 1967),[1] i.e., that a claim for compensation "shall have been made."

■ There is no formality required in making claims for compensation to the I.A.B. *See Johnson v. American General Insurance Co.,* 464 S.W.2d 83, 84 (Tex. 1971). The purpose of the filing requirement is to provide enough information to those who need to know about the injury to serve as a basis for proper investigation and determination of whether the claim comes under the workers' compensation statutes.

■ Texas courts have historically held that all the workers' compensation statutes should be liberally construed in favor of the claimant. We hold that a purported claim of compensation satisfies article 8307, § 4a, if it in some measure contains the following information: the name of the employee and some indication that he or she has been injured; some indication of the nature of the injury; some indication as to when and where the injury occurred; and adequate information to identify the employer. Here, Dr. Cheshire's report reflected all that is required: the appellant's name as the "injured employee," the employer's name (Skytop) and its location, the date of the injury, the type of injury (back strain), and a list of services rendered. We hold that this report contained sufficient information to satisfy the requirements of article 8307, § 4a. *See Select Insurance Co. v. Patton,* 506 S.W.2d 677 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Twin City Fire Insurance Co. v. Gibson,* 488 S.W.2d 565 (Tex. Civ.App.—Amarillo 1972, writ ref'd n.r.e.);

*Prince v. Texas Employers' Insurance Association,* 466 S.W.2d 642 (Tex.Civ.App.— Eastland 1971, writ ref'd n.r.e.); *Western Casualty Co. v. De Leon,* 148 S.W.2d 446 (Tex.Civ.App.—Ft. Worth 1941, writ dism'd).

The special issue submitted to the jury inquired:

> Was a claim, with respect to the injury, *sent to* the Industrial Accident Board of the State of Texas within six (6) months after the date of the injury by M.H. Cheshire, M.D., for Christopher Cadengo?
> You are instructed that a "claim" includes any written communications from or in behalf of an injured employee, claiming either medical care or compensation payments, giving the employee's name, the date and the general nature of the injury, and the name of his employer, Skytop Rig Company.
> Answer: Yes. [Emphasis added].

■ The insurance company's contention, at trial and on appeal, is that, even though this report was timely received by the I.A.B., there is no evidence that it was sent to the I.A.B. by Dr. Cheshire, or by anyone else acting on appellant's behalf. According to appellee, not only must the necessary information be filed with the I.A.B. within the requisite time period, but there must be some showing that the information was filed by the claimant or was *intended* to be filed on the claimant's behalf. There is nothing in the statutory framework or in Texas case law which requires that a claim for compensation be filed personally by the claimant or by his agent. *See Harleysville Mutual Insurance Co. v. Frierson,* 455 S.W.2d 370, 373 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

■ Nevertheless, this issue, obviously drafted to meet the insurer's objection, was submitted to the jury. We find that there was evidence to support the jury's finding

---

1. Act of April 19, 1947, ch. 113, § 10, 1947 TEX.GEN.LAWS 176, 180, *amended by* Act of June 19, 1983, ch. 498, § 1, 1983 TEX.GEN.

LAWS 1921 (the time for filing a claim has now been extended to one year after the injury).

that Dr. Cheshire sent appellant's claim for compensation to the I.A.B. within six months after the injury, and that this finding satisfied appellant's burden under article 8307, § 4a. The trial court erred in disregarding this special issue and in rendering a take-nothing judgment against appellant.

In view of our disposition of the first point of error, it is not necessary for us to address the appellant's remaining points. TEX.R.APP.P. 90. The judgment of the trial court is reversed, and judgment is here rendered to enter judgment in accordance with the jury's findings in favor of the workers' compensation claimant, appellant herein.