**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Belen RAMIREZ, Appellee.**

**No. 13–87–476–CV.**

Court of Appeals of Texas, Corpus Christi.

May 4, 1989.

Rehearing Denied June 1, 1989.

Roger W. Hughes, Ferriel C. Hamby, Jr., Adams & Graham, Harlingen, for appellant.

Randall P. Crane, San Benito, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

This is a workers' compensation case. A jury found that appellee received an injury in the course and scope of her employment which was a producing cause of total and permanent disability. Appeal is from a judgment based upon the verdict. After reviewing appellant's nine points of error, we affirm the trial court's judgment.

Points one through six assert that the trial court erred in overruling appellant's motions to disregard the verdict and for a new trial, and erroneously granted judgment for appellee. A judgment n.o.v. can only be entered if a directed verdict would have been proper. Tex.R.Civ.P. 301. The test is whether any evidence of probative force raised fact issues on the material questions presented. *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex.1988); *see Sullivan v. Methodist Hospitals*, 699 S.W.2d 265, 274 (Tex.App.—Corpus Christi 1985), *writ ref'd n.r.e.*, 714 S.W.2d 302 (Tex.1986). We consider all of the evidence in the light most favorable to the verdict, and disregard all contrary evidence. *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818, 821 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). In other words, complaints that the trial court refused to render judgment n.o.v. raise "no evidence" questions. *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *see Cadengo v. Compass Insurance Co.*, 721 S.W.2d 415, 416 (Tex.App.—Corpus Christi 1986, no writ).

By points one, two, five, and six, appellant challenges the legal and factual sufficiency of the evidence to support the verdict. Point one attacks the finding that appellee's incapacity is total, point two, that her incapacity is or was permanent, point five, that appellee suffered an "injury" within the meaning of the Workers' Compensation Act, and point six, that she suffered harm or incapacity from an "occupational disease" as defined by the Act.

By points three and four, appellant claims to have shown as a matter of law that any total incapacity ended when appellee returned to work, that any incapacity thereafter was only partial, and that any contrary findings are against the great weight and preponderance of the evidence.

When the party having the burden of proof on a special issue appeals from an adverse fact finding, the point of error challenging the legal sufficiency of the evidence should be that the matter was established "as a matter of law," or that the finding was "against the great weight and preponderance of the evidence." *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In this case, appellant did not have the burden of proof on the issues it contests. Thus, we must construe points three and four as redundant with the correctly phrased "no evidence" and "insufficient evidence" claims points one and two raise. *See Croucher*, 660 S.W.2d at 58.

In ruling on a "no evidence" point, we consider only the evidence and inferences supporting the jury's finding and disregard all contrary evidence and inferences. *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985), *on remand*, 700 S.W. 2d 231 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If any evidence of probative force supports the jury's finding, we must overrule the point and uphold the finding. *In re King's Estate*, 244 S.W.2d at 661–62.

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the supporting evidence is so weak or that the contrary evidence is so overwhelming that we should set it aside and order a new trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We consider all of the evidence in ruling on questions of weight and sufficiency. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986), *on remand*, 751 S.W.2d 197 (Tex. App.—Houston [14th Dist.] 1988, writ granted).

The jury determines the credibility of the witnesses and weighs the evidence. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962); *Tenngasco Gas Gathering Co. v. Fischer*, 624 S.W.2d 301, 305 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

By points five and six, appellant challenges the jury's answer to Special Issue No. 1, finding that appellee suffered an injury within the course and scope of her employment. Appellant argues that the evidence is legally and factually insufficient to show that appellee suffered either a traumatic injury or an occupational disease within the meaning of the Workers' Compensation Act.

The charge defines "injury" to include "damage or harm to the physical structure of the body occurring as the result of a repititious (sic) physical traumatic activities extending over a period of time and such diseases or infections as naturally result therefrom, or the incitement, acceleration or aggravation of any disease, or condition, previously or subsequently existing, by reason of damage or harm." *See Davis v. Employers Insurance of Wausau*, 694 S.W.2d 105, 107 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); Tex.Rev.Civ. Stat.Ann. art. 8306, § 20 (Vernon Supp. 1989). Appellant does not complain of the correctness of this definition.

Appellee does not contend that her "injury" could be traced to any one specific time, place, or event, but she claims that it was the result of repeated traumatic activities extending over a period of time. To recover for an injury or disease of this type, one must not only prove that repetitious physical traumatic activities occurred on the job, but must also show that a causal link existed between the traumatic activity and the incapacity; that is, the disease must be inherent in the type of employment as compared with employment generally. *Davis*, 694 S.W.2d at 107.

All of the evidence in this case was presented by witnesses called by appellee. They consisted of appellee, three co-workers, an insurance adjuster and a physician who treated appellee.

Appellee testified that she is a widow, was born in Mexico, has a third grade education, was married in Harlingen, Texas, in 1955, and has four grown children. Her husband died in 1959. She began her first job in 1955, and worked cleaning homes, doing maid work and working for a shrimp company. She did not work out of the home after getting married, but became employed again after her husband died. She went to work for Levi–Straus, the employer in this case, in 1972. She stated she never had problems with her back on any of the jobs she held, including with Levi–Straus, until about 1980 when she was moved to a low metal ironing board to iron blouses. She had been ironing blouses on a higher board previously for about three years without difficulty. She demonstrated to the court and jury the differences in the physical activities required while working on the high and low boards. When she went to work on the lower board, she began to feel pain in her lower back. She asked to be changed back to the higher board but was refused. The pain kept getting worse until she finally went to the doctor. She showed him the way she had to work on the low board, just as she showed the jury, and he told her to stay home a few days. When she stayed home she felt better, but when she went back to work on the low board she had the same problems as before. She continued working and then went to see Dr. Eric Six, who told her one of the discs was pinching a nerve. He sent a letter to her employer and they changed her job back to the higher board, but this time her back problems were not relieved. She described her pain, "If I was standing up I couldn't stand up. If I was sitting down, I couldn't sit down. And in bed I had difficulty turning." Finally, on or about October 12, 1985, Dr. Six performed surgery on her back.

Maria Reyes, Rosa Ruiz, and Nina Salazar were appellee's co-workers. They testified generally that appellee never complained of back problems before being put to work on the low board and that she had always been physically active. They described the bending, twisting, and other types of maneuvers required to operate the

low board and observed that appellee was taller than others using the low board. They advised that the work on the low board caused problems because of the manner in which appellee had to operate the pedal and twist to hang blouses. They confirmed that from the time she began working on the low board she began having trouble with her back, which restricted her activities, and she complained of pain.

Dr. Eric G. Six, a board certified neurosurgeon, testified that he had examined and treated appellee. After running a myelogram on appellee which proved positive, he performed surgery on her back. He confirmed that activities such as she performed at work could cause a ruptured disc and aggravate such a condition if such a condition existed unrelated to the workplace.

Appellant points out the distinction in Tex.Rev.Civ.Stat.Ann. art. 8306, § 20 (Vernon Supp.1989) between "injury" which can be traced to a definite time, place, and cause, and "occupational disease" which includes damage or harm to the physical structure of the body occurring as a result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment. Prior to the 1971 amendment of Section 20, only those specific diseases and illnesses listed in the statute qualified as "occupational disease." In 1971, the legislature abandoned the listing of specific occupational diseases and expanded the concept to include damage or harm to the physical structure of the body occurring as a result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment. *See Transportation Insurance Co. v. Maksyn,* 580 S.W.2d 334, 336 (Tex.1979); *Davis,* 694 S.W.2d at 106–107. To recover for an occupational disease of this type, one must not only prove that the repetitious physical traumatic event occurred on the job, but also prove a causal link existed between the job activities and the incapacity; that is, the disease must be inherent in that type of employment as compared to employment generally. *Davis,* 694 S.W.2d at 107.

Appellant contends that since the only medical evidence of the relationship of appellee's disease and incapacity to the activities of her employment was Dr. Six's statement that such work related activities could cause a ruptured disc or aggravate any pre-existing condition, the evidence is insufficient, as a matter of law, or at the least, the judgment is against the great weight and preponderance of the evidence. He points out that ordinary diseases of life are compensable only when related to an occupational disease. *Texas Employers' Insurance Association v. Schaefer,* 598 S.W.2d 924, 926 (Tex.Civ.App.—Eastland), *aff'd,* 612 S.W.2d 199 (Tex.1980).

Appellant contends that only expert medical testimony is probative of the cause of appellee's condition, citing *Insurance Co. v. Myers,* 411 S.W.2d 710, 713 (Tex. 1966); *Texas Employers' Insurance Association v. Schaefer,* 598 S.W.2d 924, 926 (Tex.Civ.App.—Eastland), *aff'd,* 612 S.W.2d 199 (Tex.1980); *Houston General Insurance Co. v. Pegues,* 514 S.W.2d 492, 495 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.); and *Tyler Mirror & Glass Co. v. Simpkins,* 407 S.W.2d 807, 813–14 (Tex. Civ.App.—Tyler 1966, writ ref'd n.r.e.).

■ We agree that in cases in which a layman would not, from his common knowledge, understand a causal connection between the employment or injury and the medical condition, expert testimony may be required. *See Pegues,* 514 S.W.2d at 495. In such cases, expert testimony showing a "reasonable probability" of a causal connection between the employment and the medical condition is sufficient to support submission to the jury. *See Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 104 (Tex.1979); *Schaefer,* 612 S.W.2d at 202.

■ *Pegues,* 514 S.W.2d at 494, states that generally, the testimony of the claimant alone can establish injury and disability, even when contradicted by the unanimous opinions of experts. *See also Texas Employers' Insurance Association v. Stephenson,* 496 S.W.2d 184, 188–89 (Tex.Civ. App.—Amarillo 1973, no writ); *Travelers Insurance Co. v. Strech,* 416 S.W.2d 591,

595 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.). In *Pegues,* the Court affirmed a judgment of total and permanent disability even though the doctor testified that the disability was caused by a malignant bone tumor rather than a fall on the job. *Pegues,* 514 S.W.2d at 495, explains that the exception requiring expert testimony applies when a claimant alleges that his injury either caused or aggravated cancer or a disease, or alleges that an injury or disability to a specific part of the body. *Myers,* 411 S.W.2d at 714, involved death from a pre-existing brain tumor after a trauma on the job, and distinguishes cases not involving "the highly uncertain medical problem of the nature, origin and aggravation of cancer."

The exception requiring expert testimony described in *Pegues* is narrow and applies only if the facts come strictly within it. *Houston Independent School District v. Harrison,* 744 S.W.2d 298, 300 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Texas Employers' Insurance Association v. Thompson,* 610 S.W.2d 208, 209–210 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In this case, no evidence suggests any cause of appellee's disability other than certain activities at work. Rather, there is evidence of the prompt onset of symptoms following appellee's transfer to the low ironing board. *See Texas Employers Indemnity Co. v. Etie,* 754 S.W.2d 806, 808 (Tex.App.—Houston [1st Dist.] 1988, no writ). Since the facts do not fit into the exception, we need not restrict our review of evidence of causation to the medical testimony.

Appellee's testimony and that of her coworkers is sufficient to establish a causal connection between the specific activities of her work and her condition. The type of disease with which we are dealing is not one of unknown or mysterious etiology which requires expert medical testimony to establish causation; rather, it is a condition within the general experience and common sense of persons generally, so that it is appropriate to allow the jury, as fact finder, to know or anticipate that the condition could reasonably follow the specific events. *See Parker v. Employers Mutual Liability Insurance Co.,* 440 S.W.2d 43, 46 (Tex. 1969); *INA of Texas v. Howeth,* 755 S.W.2d 534, 536 (Tex.App.—Houston [1st Dist.] 1988, no writ).

We hold that the evidence was sufficient for the jury to find appellee suffered an injury in the nature of an occupational disease resulting from repetitious trauma. Points of error five and six are overruled.

In points one through four, appellant argues that the evidence will not support the finding of total, permanent incapacity, especially in light of appellee's return to work in November, 1985.

■ There is no fixed rule of evidence by which to prove permanent disability. A jury must determine the extent and duration of a disability based on all the pertinent facts. *Navarette v. Temple Independent School District,* 706 S.W.2d 308, 310 (Tex.1986). A return to work is evidence to be considered in making a disability determination, but is not conclusive. *Navarette,* 706 S.W.2d at 310; *Aiken v. Texas Employers' Insurance Association,* 737 S.W. 2d 143, 145 (Tex.App.—Eastland 1987, no writ); *Aetna Casualty & Surety Co. v. Depoister,* 393 S.W.2d 822, 830 (Tex.App.—Corpus Christi 1965, writ ref'd n.r.e.).

The charge defined "total incapacity" to "not imply absolute inability to perform any kind of labor" but to mean "one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment." *See Twin City Fire Insurance Co. v. Grimes,* 724 S.W.2d 956, 959 (Tex.App.—Tyler 1987, writ ref'd n.r.e.); *City of McAllen v. Alvarado,* 718 S.W.2d 903, 906 (Tex.App.—Corpus Christi 1986, no writ); *Commercial Insurance Co. v. Puente,* 535 S.W.2d 948, 950 (Tex.Civ.App. —Corpus Christi 1976, writ ref'd n.r.e.).

Appellee testified that when she returned to work after her back surgery, she was unable to do the work of a presser, which was her previous position. She was changed to sewing, and under doctor's orders, had to alternate sitting and standing.

When that job ended, she was laid off for three months because no other light work was available. Later, after obtaining a letter from her doctor, she was given a job as an inspector. This was described as lighter work, and she had worked there four months at the time of trial. However, her testimony indicates that her condition was deteriorating. She said she used to have numbness in her leg but now she additionally had cramps. She also testified that she did not feel that physically she could continue to work because it tired her and she had pain. This evidence is sufficient to sustain the jury's finding of total, permanent incapacity.

Appellant argues that we cannot sustain the judgment without overruling *Commercial Insurance Co. v. Puente*, 535 S.W.2d 948, 952 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.), and *Lumbermen's Mutual Casualty Co. v. Villalpando*, 605 S.W.2d 705, 709 (Tex.Civ.App.—Corpus Christi 1980, no writ). However, in *Puente*, the worker had not complained of any disability in his new position, and it was clear he would be able to keep that employment. In *Villalpando*, the worker was also unable to perform heavy work, but was keeping a less strenuous, full-time job at greater pay. This case is distinguishable because here there was evidence that appellee would not be able to keep the light duty job because of her physical problems. We overrule points one through four.

By points seven and eight, appellant claims that the trial court erred in overruling its motions in limine and in admitting Dr. Six's testimony about cause of appellee's condition and about his treatment of it.

■■■ The overruling of a motion in limine is not, by itself, reversible error. *Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984); *Bifano v. Young*, 665 S.W.2d 536, 541 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Appellant did object to the evidence when it was offered, and was overruled. Essentially, appellant's position is that the evidence was not legally probative but prejudiced

the jury. While the opinion testimony of Dr. Six was not that appellant's work activities probably caused her physical condition, it showed that the activities were consistent with the causation of her condition. This was cumulative of and supportive of the lay testimony, it was relevant, and its admission was within the discretion of the trial court. We overrule points seven and eight.

Point nine states that the trial court abused its discretion in overruling appellant's motion for a new trial based on newly discovered evidence. The new evidence was appellee's work record after trial.

■■■ A party seeking a new trial on the basis of newly discovered evidence must show that the evidence has come to his knowledge since the trial, that the lateness of its discovery was not due to want of diligence, that it is not cumulative, and that it is so material that its introduction at a new trial would probably produce a different result. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). To reverse, we must find an abuse of discretion, and every reasonable presumption is made to uphold refusals of new trials. *Jackson*, 660 S.W. 2d at 809–810.

Appellant urges two cases in which post-trial events were the basis of a new trial. In *Gannaway v. Trinity Universal Insurance Co.*, 85 S.W.2d 345, 347 (Tex.Civ.App. —San Antonio 1935, writ ref'd), an insurance agent admitted after the trial that he had perjured himself on a decisive issue. The court reversed the judgment for the insurance company and ordered a new trial. In the other case, *Missouri–Kansas–Texas Railroad Co. v. Evans*, 151 Tex. 340, 250 S.W.2d 385, 393 (1952), an employee was compensated for an eye injury. Later, when the eye was removed, it was discovered to have cancer, but no indication had been given at trial. This evidence of a different cause of the eye condition was material to the railway's liability.

In this case, the evidence at trial showed that appellee had returned to work at a lighter duty job and had worked there four months. She testified to her efficiency rating at the time. The efficiency rating in

the "new evidence" is not substantially different from the performance level she indicated she had at the time of trial. The effect of the "new evidence" is cumulative. We cannot say as a matter of law that this evidence compels a different result. We overrule point nine.

The judgment of the trial court is AFFIRMED.